ANSELM MICHEL, PLAINTIFF IN ERROR, v. J. A. WARE, DEFENDANT IN ERROR.

**Practice :** EXCEPTIONS TO EVIDENCE. When an objection is made to the admission of any particular testimony, the ground of the objection should be stated, together with the ruling of the court, and both preserved by bill of exceptions; otherwise they will not be considered in the supreme court.

**Warehouse receipt.** An order drawn upon, and accepted by, a warehouseman is equivalent to a warehouse receipt, and an acknowledgment on the part of the warehouseman that he will deliver the property mentioned therein upon presentation of the order properly endorsed; and the assignee of such order who becomes the purchaser thereof in good faith, is entitled to the entire amount of the property called for therein.

———: GUARANTY. A qualification appended to a warehouse receipt, by the holder thereof, that an assignment made by him is "without guaranty" on his part, does not release him from the implied warranty that the entire amount of the property mentioned therein, was at the time of the assignment, in the possession of the warehouseman.

———: LIABILITY OF HOLDER. If the holder of a warehouse receipt, before its assignment to one who claims to be an innocent purchaser, takes out of possession of the warehouseman a portion of the property mentioned therein, he is liable for the value thereof in an action by the warehouseman, who may have made good the deficiency to the assignee.

———: ———. But it is a question for the jury to determine whether the assignee had notice of the disposal of any portion of the property mentioned in the receipt, and whether the warehouseman was justified in paying the value thereof to the assignee.

ERROR to the district court of Otoe county.    The facts in the case are fully set forth in the opinion.

*G. B. Scofield*, for plaintiff in error.

The record in this case shows so plainly the justice of the plaintiff's claim that authorities need not be cited.    The evidence of all the witnesses and the defendant himself proves that S. A. Ingham & Co. sold their interest in the three hundred and seventeen sacks of flour to J. A. Ware, the defendant; that there was a lien against it for freight charges due Thomas French; that subsequently Ware assigned his interest to French, who then became the absolute owner thereof.    Ware swears himself he did not tell French he had previously given an order for forty-seven sacks, and French swears that the first he knew of it was when he arrived at Kearney City, and there demanded of the plaintiff the full number of sacks or the pay therefor.

The defendant claims that the words " without any guaranty on my part " in the assignment to French, release him from all liability on account of the deficiency. It is believed *this* court will not so hold.    Supposing Ware had drawn out all but ten sacks, and then made an assignment to an innocent purchaser of the order, the same as this was done, without informing him that a portion had been disposed of, it would not be contended for a moment that he was thereby discharged from accounting to the proper party for the deficiency.

The flour was stored in the name of French, and the plaintiff, relying upon the integrity of Ware, permitted forty-seven sacks to be removed, and paid French therefor $352.50.    This amount is justly due the plaintiff

from the defendant, and it was a question for the jury to determine whether French knew the forty-seven sacks were gone or not when he took the order from Ware.

The words " *without guaranty*," applied only to quality and condition, and not to quantity, and it seems to us can be construed in no other way. *Power v. Bumcratz*, 12 *Ohio State*, 273. *McArthur v. Ladd*, 5 *Ohio*, 514. *Hale v. The Milwaukee Dock Co.*, 23 *Wis.*, 276. *Graves v. Smith*, 14 *Wis.*, 5.

The court erred in charging the jury to find for the defendant. Nothing was left for them to do—their occupation was gone, and under such a charge a trial by jury would be a farce. We think a not very careful examination of the charge to the jury will convince this court it was such a one as should not have been given. 3 *Graham & Waterman on New Trials*, 819, 821. *Gillett v. Phelps*, 12 *Wis.*, 393.

*O. P. Mason and Isaac N. Shambaugh,* for defendant in error.

I. No errors will be considered but such as were made in the motion for a new trial. There is no evidence of misconduct of the jury. But two other points were made. *First.* That there was no evidence to sustain the verdict. *Second.* Error in the instruction of the court.

II. The first of these objections cannot be considered because the bill of exceptions does not contain all the evidence. Other and material evidence may have been given.

III. The last objection should not be considered for the same reason. Instructions are given with reference to the evidence, and are predicated thereon, and when all the evidence shows that the plaintiff cannot recover it is the duty of the court to tell the jury so.

IV.   If the testimony contained in the record was all the evidence given, we think the instruction was correct. But the instructions should not be considered because the evidence is not all here, and this court will presume that the evidence supported and justified the verdict; and when upon the whole evidence one party is clearly entitled to a verdict, it should not be disturbed because an erroneous instruction was given.   Only such errors will be considered as operated to the prejudice of the losing party.

V.   This court will presume the ruling of the court below to have been correct until the contrary is shown; and it is incumbent upon the plaintiff in error to show that error was committed to his prejudice.

LAKE, CH. J.

This was a proceeding in error to reverse the judgment of the district court of Otoe county.   The facts in the case are substantially as follows:

In the year 1865, Thomas French, who was then engaged in the freighting business, conveyed for S. A. Ingham & Co., three hundred and seventeen sacks of flour to Fort Kearney, and stored the same with the plaintiff, Michel, a warehouseman at that place.   To secure himself for transporting this flour, French stored it in his own name and took a receipt therefor.   Afterwards, Ingham & Co. being indebted to the defendant, Ware, in order to secure the payment thereof, drew an order on the plaintiff in these words:

"NEBRASKA CITY, January 5, 1866.

"A. Michel, Esq., You will please hold subject to the order of J. A. Ware, three hundred and seventeen sacks of flour, delivered by Thomas French on our account,

and stored in his name for freight on same, subject only to the amount claimed by said French for freight.

(Signed) S. A. INGHAM & Co."

This order was duly accepted in writing by the plaintiff, on the 17th of the same month.

On the 29th of May, Ware, having occasion to do so, drew an order on the plaintiff in favor of one Dunham, for forty-seven sacks of the flour, which was duly honored; and on the 24th day of August following, made a written assignment of the order he had received from Ingham & Co., accepted by the plaintiff as before stated, to said French. The assignment is as follows:

"I hereby assign to Thomas French, all my right, title and interest in and to the within order, without any guaranty on my part.

(Signed) J. A. WARE."

August 24, 1866.

With this order thus assigned, French proceeded to Fort Kearney, and demanded of Michel the whole of the three hundred and seventeen sacks of flour which it called for, but in consequence of his having parted with the forty-seven sacks to Dunham, *on Ware's order*, he was short that much and compelled to make good the deficiency in money. Michel then brought this action against Ware, in the district court of Otoe county, to recover the sum of seven hundred and fifty-two dollars, of which sum he claimed four hundred dollars due him for the storage and handling of the flour, and the balance as the value of the forty-seven sacks which he had been obliged to make good to French.

The cause was tried before Mr. Chief Justice Mason and a jury, a verdict being returned in favor of the plaintiff for the amount claimed.

The defendant then filed a motion for a new trial, which was granted by the court.

Upon the second trial of the cause, after the testimony had been closed, the court instructed the jury as follows:

"The assignment of the order which Ingham & Co. gave the defendant, Ware, to Thomas French, only conveyed whatever interest the defendant, Ware, had in the flour stored by French, after the forty-seven sacks of flour had been delivered on the order previously given by the defendant, Ware, on the plaintiff, Michel, consequently you must find a verdict for the defendant, and from the whole evidence the plaintiff cannot recover in this action."

The jury having retired, afterwards returned into court stating that they could not agree upon a verdict, and the court again instructed them that the jury must find a verdict for the defendant, and if the jury found a verdict for the plaintiff it would be immediately set aside by the court. A verdict being then returned in favor of the defendant, judgment was rendered thereon. The plaintiff then brought the case to this court by petition in error.

It is insisted in this case, on the part of the defendant, that as a matter of law he was not liable to make good to Michel the value of the forty-seven sacks of flour for at least two reasons: *First.* Because by the terms of the assignment there was an express waiver of warranty. *Second.* For the reason that French, knowing that the forty-seven sacks had been disposed of by Ware, had no right to demand the same from the warehouseman.

The errors complained of, by the plaintiff in error, occurred during the trial of the cause and may be conveniently included under two heads:

I.   Errors in the introduction of testimony.

II.   Errors in the charge of the court to the jury.

As to the former we discover no ground for complaint. Even if some of the testimony was not, strictly speaking, admissible, yet the ground of the objection not being set forth, nor any exception taken to the ruling of the court, it is now too late to complain.

When an objection is made to the admission of any particular testimony, the ground of the objection should be stated, together with the ruling of the court, and both preserved by bill of exceptions; otherwise they will not be considered in this court.

But we are of the opinion that the court entirely misapprehended the character of the order given by Ingham and Co. to Ware, as well as the legal effect of its assignment to French.

Although in the form of an order, its acceptance by Michel rendered it, we think, equivalent to a warehouse receipt. It was an acknowledgment that, as a warehouseman, he held the three hundred and seventeen sacks of flour subject to Ware's order, and that he would deliver the same to whoever would present it, properly endorsed. *M'Neil v. Hill*, 1 *Woolworth Circuit Court Reports*, 96. *Conrad v. The Atlantic Insurance Company*, 1 *Pet.*, 386. *Nathans v. Giles*, 5 *Taunton*, 557.

We hold, therefore, that by this assignment of the order to French, provided that he had no knowledge that Ware had previously drawn out the forty-seven sacks, he was entitled to the entire quantity of flour called for therein.

Nor does the qualification "without any guarantee on my part," appended by Ware to his assignment, affect the transaction in this particular. The utmost effect that can be claimed for Ware from this restriction upon his liability is, that he did not assure either the quality of the flour, or the responsibility of the warehouseman. It was no release from the implied warranty, governing

Michel v. Ware.

in all sales of property, that the subject matter of the contract is *in esse* at the time it is made.

There was considerable conflict in the testimony as to whether or not French had notice that Ware had disposed of a part of the flour. French swore positively that he had not, and that he supposed he had bought the entire quantity mentioned in the order. Ware testifies that he does not think he told him that he had drawn out any portion of it. While the witness, Calhoun, says that he heard French say, before the assignment was made, that he knew Dunham had drawn out the forty-seven sacks.

There was also testimony before the jury, from which, perhaps, they might have found that Michel had such information as ought to have induced him not to pay French for the flour, and that he was not justified in so doing.

In this condition of the testimony it should have been left to the jury, under proper instructions, to say what effect should be given to the testimony, and whether, on the whole, the plaintiff had made out his case by the proofs or not.

We think the judge, in directing a verdict for the defendant, usurped the province of the jury, and in so doing committed an error, which calls for a reversal of the judgment.

The judgment is reversed and the cause remanded to the district court for a new trial.

REVERSED AND REMANDED.

The other justices concur