## D. K. LARGE ET AL. v. EDW. J. STEER, ET AL.

ERROR TO THE COURT OF COMMON PLEAS NO. 4 OF PHILA-
DELPHIA COUNTY.

Argued January 27, 1888—Decided October 1, 1888.

1. In a suit upon an injunction bond filed in proceedings to enjoin an action for the recovery of real estate before a magistrate, it is no defence that the defendants in the bill proceeded pending the injunction in actions of ejectment and for mesne profits in the Court of Common Pleas.

2. A decree made upon an agreement of the parties to a bill for an injunction, that the bill be dismissed without prejudice to the right of either party to proceed at law or otherwise, is not such a final determination of the cause as will fix the liability of the sureties on the bond.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 9 January Term 1888, Sup. Ct.; court below, No. 447 September Term 1875, C. P. No. 4.

On October 9, 1875, David K. Large, guardian of Annie Warren, a minor child of William J. Warren, filed a bill in equity to the number and term of the court below, above stated, against Henry Davis, Mary Ann Davis and Edward J. Steer, charging that defendants were about to obtain possession of property of the said minor, in the occupancy of tenants, by proceedings before a magistrate under circumstances alleged to constitute an unlawful conspiracy and an attempt to defraud. On the same day the complainant filed an injunction bond, with James Kelm and James P. Wallace, as his sureties, in the sum of $1,000, and an injunction was awarded and duly served upon the defendants in the bill. An answer and a cross-bill were filed, testimony taken and the report of a master made, when on June 9, 1886, it was ordered: "By agreement of counsel, the bill in this case is dismissed without prejudice to either party to proceed at law by action of ejectment or otherwise." In the meantime, Mr. Steer had proceeded in one of the Courts of Common Pleas to recover possession of the property with mesne profits.

Arguments.

On July 9, 1886, an action of debt was brought upon the injunction bond in the Court of Common Pleas No 1. The cause was afterwards transferred to the Court of Common Pleas No. 4, on the ground that under the rules of court collateral actions were to be brought under the number and term of the original proceeding. The defendant Large, then pleaded non est factum; defendants Kelm and Wallace, non est factum, payment with leave, and a special plea reciting the proceedings in the equity cause and the decree of June 9, 1886.

At the trial on April 18, 1887, before Thayer, P. J., the plaintiffs offered the injunction bond in evidence. The objection of defendants was overruled; exception.[3]

The record of the equity proceeding and of the ejectment having been put in evidence, with testimony upon the subject of damages, the defendants requested the court to charge the jury, inter alia:

2. There can be no recovery for mesne profits, as there is also an action pending in another court for damages under an ejectment suit, between the same plaintiffs and the principal defendant in this case, for the same property in question here.[4]

4. Under all the evidence the verdict should be in favor of the sureties on the bond, James Kelm and James P. Wallace.[5]

These points were denied in the instructions to the jury, who returned a verdict in favor of the plaintiffs for the sum of $462. A new trial having been refused and judgment entered upon the verdict, the defendants took this writ, specifying that the court erred, inter alia:

3. In admitting in evidence the bond in suit.[3]

4. In refusing the defendants' 2d point.[4]

5. In refusing the defendants' 4th point.[5]

*Mr. Wm. Hopple, Jr.,* and *Mr. Thomas R. Elcock,* for the plaintiffs in error:

1. The plaintiffs having commenced an action of ejectment, which was their remedy in the first place, during the pendency of the proceedings in equity, not only abandoned their action before the magistrate, but were guilty also of a breach of the terms of the injunction. The object now sought is the recovery of damages for an alleged detention of the premises

under this injunction, when an action in ejectment upon which mesne profits may be recovered has already been determined in this court [Warren v. Steer, 112 Pa. 634?]. A recovery in the present suit would be an injustice this court will not sustain.

2. To entitle the obligee in an injunction bond to recover thereon, he must show a final decree in his favor in the equity proceeding, or something equivalent thereto. And, while a voluntary discontinuance of the bill by the complainant therein, may be considered under some circumstances a final disposition of the case, as where it is entirely of his own motion, or after an interlocutory decree against him, yet a dismissal of the bill by agreement between the complainant and defendant, presumably for their mutual benefit, is not equivalent to a final decree in favor of the defendant in the bill, so as to sustain an action by him upon the bond: Hilliard on Inj., 84, § 27; Bank of Monroe v. Gifford, 35 Ia. 646; Penny v. Holberg, 53 Miss. 567; Gray v. Kiers, 33 Md. 159; Bemis v. Gannett, 8 Neb. 236; West Shore & B. Ry. Co. v. Omerod, 29 Hun 274; Palmer v. Foley, 71 N. Y. 106; Towle v. Lincoln, 59 Ia. 42; Young v. Campbell, 61 How. Pr. 40; Benedict v. Benedict, 15 Hun 305.

3. It is an inherent and tacit condition of all injunction bonds, that there shall be a decision upon the merits of the equity suit, or something equivalent thereto, before such bond shall become forfeited; and hence any agreement between the parties to the suit, dispensing with or preventing a decision upon the merits, is clearly such an alteration of the contract for the performance of which the surety became bound, as discharges him from liability: Baker v. Frellson, 32 La. An. 822; Mix v. Vail, 86 Ill. 40.

*Mr. Wm. W. Wiltbank*, for the defendants in error.

OPINION, MR. JUSTICE PAXSON:

This was an action of debt upon an injunction bond. The first three assignments are without merit and do not require discussion. Nor can the fourth assignment of error be sustained. We do not think the pendency of an ejectment and an action for mesne profits in another court, would of itself

defeat the right of the plaintiffs below to recover in this proceeding. The suit against David K. Large, the principal, for mesne profits may turn out to be a vain thing, so far as results are concerned, but the plaintiffs have security upon the injunction bond, and if the injunction was wrongly issued and they have been injured thereby, they cannot be deprived of the benefit of this security because the wrongdoer may be proceeded against in another form for mesne profits.

The fifth assignment alleges that "the learned judge below erred in refusing to charge the jury as requested, 'Under all the evidence the verdict should be in favor of the sureties on the bond, James Kelm & James P. Wallace.'"

The injunction in question was to restrain Edward J. Steer from further proceeding in a suit before a magistrate to recover the possession of a certain house situated on the east side of 18th street, south of Wood street and from interfering with the collection of the rents, etc. This is a brief but sufficient statement of the scope of the injunction. After various proceedings in the equity suit, the bill appears to have been dismissed by agreement of counsel without prejudice to either party to have their proceedings at law or otherwise. This we learn from the History of the Case and the pleadings. The precise terms of this agreement appear nowhere in the paper books.

Was this agreement of counsel dismissing the bill, such a final determination of the cause as fixed the liability of the sureties on the injunction bond? The question is a novel one. We have not been referred to any Pennsylvania case having any bearing upon it. I see no difficulty, however, in disposing of it upon principle. The sureties in an injunction bond assume certain obligations. At the same time they have rights which must be respected, and of which they cannot be deprived without their consent. They are entitled to have the case against their principal tried according to the forms of law, and a final decree or judgment entered against him in court. Their liability consists in satisfying any judgment their principal may be condemned to pay. Until there is such a final determination of the equity suit, as shows that the injunction was wrongfully issued, I do not see how an action would lie against the principal in the bond, much less against

his sureties. This view is sustained by Hilliard on Injunctions, 84; Bank of Monroe v. Gifford, 35 Iowa 646 ; Penny v. Holberg, 53 Miss. 567 ; Gray v. Kiers, 33 Mo. 159 ; Bemis v. Gannett, 3 Neb. 236. The reason for this is, that it may appear upon final hearing that the plaintiff was entitled to his injunction, although it may have been dissolved pending the bill.

The sureties on an injunction bond, as before observed, have a right to have the equity suit disposed of by the court in the usual way. There must be a decision upon the merits, or what is equivalent thereto. Hence it was held by the Supreme Court of Louisiana, in Baker v. Frellson, 32 La. An. 822, that the surety on an injunction bond was discharged by an agreement entered into without his consent, by plaintiff and defendant, to have the equity suit tried and determined in an irregular way, at chambers and after the term of the court had ended. It was said by Chief Justice BERMUDEZ, at p. 831 : "The consent of the parties to the trial of the matter in which, Ludeling, the surety, was sought to be made liable in the manner in which it was tried, without his assent, and the appellant having selected and adopted such course, we think operates as a discharge of the liability of the surety on the injunction bond."

As a general rule the dismissal of a bill by the agreement of the parties is not the equivalent of a decision upon the merits. To this effect are West Shore & B. Ry. Co. v. Omerod, 29 Hun 274; Palmer v. Foley, 71 N. Y. 106 ; Towle v. Lincoln, 59 Ia. 42; Young v. Campbell, 61 How. Pr. 40. That this must be the rule as regards the sureties in an injunction bond, can hardly be doubted. Were it otherwise their liability could be fixed by the agreement of the parties, without their assent, or even their knowledge, instead of by the judgment or decree of the court, as contemplated and tacitly understood when they signed the bond. In the present case, we are informed, there was a decision of the master in favor of the plaintiffs in error, before the agreement by which the bill was dismissed. If said agreement was the equivalent of a decision upon the merits, it nowhere appears in this record.

Judgment reversed.