# Johnson *v.* Durner.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Amendment of bill.*—When one of two joint vendors of land files a bill to enforce a vendor's lien for one of the unpaid notes for the purchase-money, alleging that it has been transferred to him, an amendment may be allowed striking out the averment of a transfer, joining the other vendor as a complainant, and asking to enforce a lien for both of the notes which were due and unpaid when the bill was filed.

2. *Stipulation in note for payment of costs of collection, and reasonable attorney's fees.*—A stipulation in a promissory note, given for the purchase-money of land, "to pay all costs of collection and reasonable attorney's fees in case of suit on this note," includes an attorney's fee in a suit to enforce a vendor's lien on the land.

APPEAL from the Chancery Court of Etowah.

Heard before the Hon. S. K. McSPADDEN.

The original bill in this case was filed on the 26th March, 1889, by Michael Durner against Thomas L. Johnson, to enforce an alleged vendor's lien on land for unpaid purchase-money, as evidenced by two notes held by the complainant. The land had belonged to the complainant and Alfred R.

[Johnson v. Durner.]

Mullens, and was sold and conveyed by them jointly to said Johnson, by deed dated November 11th, 1887. A part of the purchase-money, $5,000, was paid in cash, and for the residue the purchaser executed his six promissory notes, payable to the vendors jointly. Each of the notes contained a waiver of exemptions, and a stipulation in these words: "I hereby promise to pay all costs of collection, and reasonable attorney's fees in case of suit on this note." The complainant claimed to be the owner, by assignment from Mullens, of two of these notes, which were past due and unpaid, and sought to enforce a vendor's lien on the land for the amount due on them; and he also claimed a reasonable attorney's fee for the prosecution of the suit, and asked that it be included in the decree.

The defendant demurred to the bill, because Mullens was a necessary party, and because an attorney's fee could not be enforced as part of a vendor's lien on the land. An amended bill was then filed, joining Mullens as a complainant, striking out the averment as to an assignment of the two notes, and seeking to enforce a lien for four of the unpaid notes. The defendant demurred to the amended bill, because it was a departure from the original bill; and he renewed his demurrer on account of the claim of an attorney's fee. The chancellor overruled the demurrers, and his decree is now assigned as error.

ABERCROMBIE & BILBRO, for appellant.

A. E. GOODHUE, *contra*.

CLOPTON, J.—The bill, as originally framed, avers that the lands were sold and conveyed by appellees to appellant, for ten thousand dollars, one-half of which was paid in cash, and for the balance appellant gave six several promissory notes, payable to appellees, which are described by date, amount, and when payable. It was originally filed by Michael Durner, one of appellees, as sole complainant. Copies of two of the notes described in the bill were attached as exhibits, which, it is alleged, had been transferred to complainant for a valuable consideration. The amendment of the bill, by striking out this averment, adding the other appellee as co-complainant, and attaching copies of two other notes, the same having matured when the original bill was filed, did not constitute a new case, nor was it a radical

departure from the case made by the bill as originally framed. The subject-matter of the suit—the contract for the purchase of the lands—and the relief sought—the enforcement of the payment of the purchase-money—continued the same, and the same defenses are applicable.—*Bolman v. Lohman*, 74 Ala. 507; *Pitts v. Powledge*, 56 Ala. 147.

Each of the notes contained a stipulation, by which the vendee promised to pay "all costs of collection and reasonable attorney's fees in case of suit" on the note. This promise presents the only material question in the case. It is contended that complainants are not entitled to recover the attorney's fees on a bill in equity to enforce a vendor's lien for the purchase-money. It is true that the lien, which the vendor of lands making an absolute conveyance retains, is not created by express agreement for that purpose, and extends only to the unpaid purchase-money. The lien, independent of agreement other than the contract for the purchase, rests on the principle of equity, that it is unconscientious for the vendee to get and keep the land of the vendor without paying the agreed consideration money. The contract of purchase was, that defendant would pay the complainants the sum of ten thousand dollars, and, conditionally, the costs and expense of a suit upon the notes; in other words, that defendant should pay, and the vendors should receive, the specified amount of the consideration price, without abatement or deduction of the costs and expenses which they would have to pay if the collection of the notes was enforced by suit. The promise was made to no attorney, nor other third person, but to complainants, the object being to reimburse them whatever sum they would have to pay their attorneys.

A mortgage given to secure a note, containing a stipulation to pay attorney's fees in the event of its foreclosure by suit, or of suit upon the note, is a valid security for the payment of such fees.—*Munter v. Linn*, 61 Ala. 506; *Shelton v. Aultman*, 82 Ala. 315. Had complainants brought an action at law upon the notes, which they had the right to do, reasonable attorney's fees would have entered into and constituted an element of the recovery to which they would have been entitled; and subsequently they could have filed a bill to subject the lands to the satisfaction of the judgment so recovered. In *Kelly v. Payne*, 18 Ala. 371, it was held, that the land was equally bound in equity for the costs of a suit at law upon the purchase-money note, as for any other

[Goodbar, White & Co. v. Daniel.]

portion of the judgment obtained in such suit. We can see no difference in principle between the liability of the land to the costs of the suit at law, and its liability for reasonable compensation to the attorney for bringing and conducting the suit, when there is a promise to pay the same. In such case, the attorney's fees constitute a part of the debt which the vendor is entitled to recover of the vendee. In equity, the promise to pay attorney's fees, in the event of a suit to enforce the payment of the purchase-money, is a part of the consideration agreed to be paid for the lands, the payment of which equity and good conscience require, and without the payment of which the vendor does not receive the full consideration money agreed to be paid. Such promise constitutes a part of the consideration, on the same principle on which a promise to pay, in addition to the amount specifically expressed in the conveyance, a debt of the vendor to a third person, constitutes a part of the price of the land.—*Bunkley v. Lynch*, 47 Ala. 210. It was in the power of defendant to avoid such conditional enlargement of the consideration, by a voluntary payment of the notes.

There is no error in overruling the demurrer to the bill.

Affirmed.