# Bogacki *v.* Welch.

## *Bill in Equity for Injunction to Restrain Work and Noise Dangerous to Sick Person.*

1. *Dissolution of injunction by dismissal of bill.*—When an interlocutory injunction has been granted in a cause, a decree dismissing the bill *ipso facto* operates its dissolution, unless it is continued in force, in whole or in part, by some order of the court:

2. *What is revisable.*—A declaration or statement by the chancellor, in a decree dismissing a bill under which an interlocutory in-

[Bogacki v. Welch.]

junction had been granted, as to the amount of damages recoverable in an action on the injunction bond, is in no sense a decree, and an assignment of error can not be founded on it.

APPEAL from the Chancery Court of Montgomery.
Heard before the Hon. JOHN A. FOSTER.

TOMPKINS & TROY, for appellant.

JONES & FALKNER, contra.

STONE, C. J.—The appellee, Welch, filed the bill in this case, and obtained an injunction. There were answers, denying some of the averments of the bill on which relief was prayed, and also a demurrer to the bill for want of equity. The cause was submitted to the chancellor on two motions: *first*, to dissolve the injunction for want of equity in the bill, and on the denials of the answers, which were sworn to; *second*, to dismiss the bill for want of equity, and on the demurrers.

Bogacki, a contractor, was constructing a dwelling on a lot adjoining that on which Welch resided. Welch's child was dangerously sick—so sick that continuing work on Coleman's house, it was charged, would endanger its life. To prevent such continuance, and the noise incident to it, was the purpose of the suit, and of the injunction. Following are extracts from the chancellor's decree: "It is clear taking their (defendants') answers to be true, as we must on the motion to dissolve the injunction, the bill was filed under a misapprehension of the intention of the defendants. The injunction must, therefore, be dissolved; but it is apparent that complainant should not be required to pay more as damages for the suing out of the injunction than the amount of such damages the defendant may have incurred by reason of holding the injunction in force after the recovery of the child, when work on the building could have been resumed. In their answers defendants allege that, in any event, they would not have continued the work while it was hurtful and dangerous to the child's life or health; and consequently defendants should not recover damages during the time they would have voluntarily desisted from work. . . The injunction must, therefore, be regarded as partially dissolved, to take effect as herein above stated. The necessity of the bill having passed away, and there being no further necessity for it, it is ordered that the bill be, and the same is hereby, dismissed out of this court, at the costs of complainant."

[Bogacki v. Welch.]

We have copied all of the decree which is necessary to a proper understanding of the questions we propose to discuss. There was no testimony taken in this case, and the chancellor made no decree, stating to what extent, if any, the injunction was retained. On the contrary, he stated the bill was filed under a "misapprehension of the intention of the defendants." This was equivalent to saying that the bill and injunction were unnecessary, and therefore wrongful. Unless there is some order of the court continuing in force an interlocutory injunction, either in whole or in part, a decree dismissing the bill dissolves it *ipso facto.*—2 High on Injunctions, § 1476. There being no such order in this case, when the bill was dismissed, the injunction was dissolved absolutely.

It may be an axiomatic truth, that an injunction restraining Bogacki from doing what he had no intention of doing, could have done him no injury, other than the expense it put him to in defending the suit. But this was a question not at all involved in the inquiry whether the injunction should be retained or dissolved. Nor was the chancellor's declaration in any sense a decree on the merits of the injunction, or in any manner affecting its restraining force. It was not raised by the pleadings, and could not be; for it was outside of the chancellor's jurisdiction. When he dissolved the injunction by a general dismissal of the bill, his jurisdiction and power in the premises ceased. The question of the measure of damages pertains to another forum; and what he said is in no sense a decree, of which error can be predicated.—2 High on Injunctions, § 1657; 1 *Ib.* § 88; *Zeigler v. David,* 23 Ala. 127. Nothing was decreed injurious to appellants.

Affirmed.