# McMinn *v.* Karter.

*Bill in Equity for Injunction.*

1. *Equity pleading; when equity of bill destroyed by amendment.* The complainant in a bill in equity may amend himself out of court so far as his title to the final relief originally sought is concerned by averments which show that since the bill was filed his interest in the litigation had terminated or his right to relief had ceased; but an amendment *puis darrein continuance,* which merely avers recently occurring facts, the effects of which in no way affect the complainant's rights in the premises, and only strengthens the case as to his original right and confirms the title originally asserted, accomplishes no such result and in no way destroys the equity of the bill.

2. *Same; same; amendment of bill to restrain injury to party wall.* Where a bill filed to enjoin threatened injuries to a party wall is amended so as to clearly show that at the time of the filing of the original bill the respondent was proceeding to make an improper and unlawful juncture on to the party wall by cutting into it and thereby greatly impairing and weakening it to complainant's injury and damage, the equity of such a bill is not destroyed and the right of the complainant to the injunctive relief prayed for is not affected by the further averment in the amendment that since the filing of the original bill the respondent had, in fact, made a proper juncture on to the party wall, without destroying or impairing its usefulness to complainant or impinging upon his rights in it.

APPEAL from the Chancery Court of Cullman.

Heard before the HON. WILLIAM H. SIMPSON.

The bill in this case was filed to enjoin the threatened injuries to a party wall. The report of the case on the former appeal, from a decree dissolving a preliminary injunction, discloses the state of facts alleged in the bill as originally filed.—*McMinn v. Karter,* 116 Ala. 390. After the remandment of the cause on the former appeal, the bill was amended. The additional facts averred in the amendment are sufficiently shown in the opinion.

To the bill as amended the defendant demurred upon the following grounds: "First. Because there is no equity in any paragraph of said bill. Second. Because said bill shows upon its face that complainant seeks relief under a contract which he marks as Exhibit A. to this bill, which exhibit sets up the fact that complainant and respondent are partners in a brick wall on adjoining lots of complainant and respondent in the town of Cullman, Alabama, and seeks to prohibit the respondent from enjoying and using said wall as by the terms of said contract he is authorized to do. Third. Because said bill seeks to change the contract which is made Exhibit A. to his bill without showing any breach thereof on the part of respondent or any cause for equity interference. Fourth. Because the relief prayed for in said bill is based upon the supposed breach in contract set forth in Exhibit A. to said bill in this, that said bill is based upon Exhibit A. and the allegations thereof are in conflict with the wording of said contract. Fifth. Because the complainant bases his right to equity interference upon Exhibit A. to his bill and undertakes to set up an entire and different contract made and entered into between the complainant and George H. Parker, respondent's vendor prior to the execution of said Exhibit A., and does not allege that respondent ever had any knowledge of said contract and agreement made between said Parker and complainant. Sixth. Because said bill shows upon its face that said party wall was erected partly upon the land of complainant and the land of respondent and that respondent is not attempting to use or interfere with any part of the wall resting upon the land of complainant, and, therefore, would not

injure complainant's part of said wall. Seventh. Because said bill does not aver that the manner in which respondent seeks to enter said wall is not the customary or usual way of joining to such walls. Eighth. Because said bill fails to aver that the penetration of said wall from the side owned by the respondent to the center of said wall, would injure that part of the wall resting upon complainant's land. Ninth. Because said bill fails to aver that the respondent in making a junction in said wall was not doing the same in any ordinarily good mechanical manner between said wall and the building she was seeking to erect. Tenth. Because said bill fails to aver that the joining of such building in the customary and proper manner would violate said contract and her legal duty. Eleventh. Because in paragraph 5 of complainant's bill, it is shown that complainant seeks to enjoin and restrain the respondent from cutting into said party wall, not only for the purpose of preventing her from weakening said wall, but to prevent her from erecting a wooden building increasing the danger of fire in and about said party wall. Twelfth. Because said bill is filed in a double respect, said bill seeks to prevent the respondent from cutting into said party wall because said wall would be weakened thereby and for another and different purpose, in this, that by the erection of a wooden building the danger by fire would be greatly increased. And there is no allegation in the said bill that respondent or George H. Parker, ever agreed not to erect a wooden building adjoining said party wall. Thirteenth. Because said bill shows upon its face that the complainant in joining to said wall has used rods, braces and S's in joining to said party wall for the purpose of bracing and staying the same, and that said shoulders or ledges, left at the base of said wall used as rests for the sleepers along said wall, was insufficient and required the complainant himself to use other means to hold up said building than mere rests upon said shoulders or ledges. Fourteenth. Because said bill shows upon its face that said wall was erected and paid for jointly by the complainant and George H. Parker, and that afterwards George H. Parker conveyed his interest in said wall to respondent and put respondent in possession

thereof and said bill seeks to attack the conveyance made to the respondent by the said George H. Parker, without showing any right in the complainant or claim by him to the property so conveyed. Fifteenth. Because said bill fails to aver any fact or facts that would warrant a court of equity in interfering or giving complainant the relief prayed for in said bill. Sixteenth. Because said bill fails to show that complainant has not an adequate remedy at law and because said bill shows that complainant's remedy is in a court of law."

The respondent also moved to dismiss the bill upon the following grounds: "First. The bill shows on its face to have no equity in it. Second. No paragraph in said bill sets up a state of facts sufficient to warrant equity interference. Third. The facts set out in said bill, and admitted to be facts, are not sufficiently stated to give the court of equity jurisdiction in the premises. Fourth. Because Exhibit A. to complainant's bill shows upon its face that respondent had the right to use said wall as a party wall and that the same was built for and to be a party wall between the lot of complainant and the lot of respondent, and because said exhibit shows upon its face that the respondent had an equal interest in said wall with complainant, and the bill further shows upon its face that the respondent only used or was attempting to use said party wall in strict conformity to the contract set out in Exhibit A. Fifth. Because the complainant relies upon the contract set out in Exhibit A. to his bill for equity interference in his behalf, and the complainant set up a different state of facts in paragraph 2 in his said bill, than those set up in Exhibit A. to his said bill and still prays relief under said Exhibit A. Sixth. Because said bill fails to aver a state of facts that gives equity to his bill. Seventh. Because said bill shows upon its face that complainant's remedy is in law and not in equity."

Upon the submission of the cause upon the demurrer and the motion to dismiss, the chancellor sustained each of them and rendered a decree dismissing the bill. The complainant appeals from this decree and assigns the rendition thereof as error.

[McMinn v. Karter.]

W. T. L. COFER, J. B. BROWN and R. W. WALKER, for appellant.—The bill in this cause was filed to retrain respondent from committing irreparable injury to the party wall and not to restrain her from erecting her building. The averments of the bill as amended, with reference to the character of the building in connection with the mode and manner of joining being pursued by respondent are averments showing elements of injury. The amended bill merely makes more specific the allegations of the original bill and takes effect as of the day of filing the original bill. *Lipscomb v. McClellan,* 72 Ala. 50. The original and amended bill are one and the same bill.—*Taunton v. McInnish,* 46 Ala. 919; *Adams v. Phelps,* 75 Ala. 461; *Prickett v. Sibert,* 75 Ala. 315; 3 Brick. Dig. 380, § 207; *Ib.* 381, § 229. The new matter introduced, occurring subsequent to the filing of the original bill, merely emphasizes complainant's theory that the cutting of the wall was unnecessary in order that the respondent might join thereto and use the same, and was properly introduced by the amended bill.—*Ala. Warehouse v. Jones,* 62 Ala. 550; *Cochran v. Miller,* 74 Ala. 50; *Freeman v. Brown,* 96 Ala. 303; 3 Brick. Dig. 380, § 216, *Ib.* 381, §227.

A motion to dismiss for want of equity should not be entertained when admitting the facts on the face of the bill, whether well or illy pleaded, it makes a case for equitable relief—*Glover v. Hembree,* 82 Ala. 324; *Hayne v. Short,* 88 Ala. 562; *Scholze v. Steiner,* 100 Ala. 152; 1 Brick. 390, § 372. The demurrer admits as true the facts averred in the bill, and under the statute must set forth specific grounds or it cannot prevail.—*George v. C. R. R. & B. Co.,* 14 So. Rep. 752; 3 Brick. 389, § § 363-365; *Ib.* 390, § 370; *Flewellen v. Crane,* 58 Ala. 627.

Under the averments of the bill the necessity for breaking the face of the wall did not exist; but the wall was so constructed, and with that purpose in view as to render it wholly unnecessary to enter said wall or break the face of it in order to make complete mechanical junction. This being admitted the court cannot sustain the position asserted by the respondent. The necessity for breaking the wall must exist before respondent has the right to break it.—*McMinn v. Karter, supra.*

[McMinn v. Karter.]

All the authorities on the subject of party walls recognize the right of the co-terminous proprietors to join, but they all assert that they must do it without injury to their neighbor, recognizing the fundamental principle of equity law that they must so use theirs as not to injure that which belongs to another.—*Brooks v. Curtis,* 10 Amer. Rep. 545; *Webster v. Stevens,* 5 Duer 553; *Eno v. Del Vecchio,* 4 Duer 53, s. c. 6 Id. 17; *Earl v. Beadleston,* 42 N. Y. Sup. 294; *Block v. Ishom,* 92 Amer. Dec. 293-295; *Sherred v. Cisco,* 4 Sands 480; *Andrea v. Hazletine,* 46 Amer. Rep. 635; *Hoffmon v. Kuhn,* 57 Miss. 750; *Dolling v. Hening,* 20 Md. 174, s. c. 83 Amer. Dec. 545. The protection of easements of every character is peculiarly within the province of the chancery court.—*Webb v. Robbins,* 77 Ala. 176; *McMahon v. Williams,* 79 Ala. 288; *Clay v. Powell,* 85 Ala. 538.

W. G. BROWN, T. M. WILHITE and S. T. WERT, *contra.* The general demurrer to appellant's original bill was properly sustained by the court below, for the reason, that the original bill and amended bill were defective in substance—not making a case of equitable cognizance. *S. & N. Ala. R. R. Co. v. H. A. & B. R. R. Co.,* 104 Ala. 233.

This case has heretofore been fully discussed in this court, and the action of the lower court sustained with the single exception that the chancellor erred in allowing an amendment of the verification of the answer after submission, against the objection of complainant. The amendment to the original bill after the cause was reversed failed to set up a state of facts which would heal the defects pointed out by this court in the original bill. Therefore, the appellee relies upon the law as heretofore announced by this court in this same cause, for an affirmance of this cause.—*McMinn v. Karter,* 116 Ala. 390.

McCLELLAN, C. J.,—This cause has been heretofore in this court on appeal from an order dissolving the injunction.—116 Ala. 390. On the bill, answer and affidavits our opinion then was that the injunction was properly dissolved, but the decree was reversed because the

chancellor allowed an amendment of the verification of the answer after the cause had been submitted on motion to dissolve. We entertained some doubt at that time whether the bill showed that the respondent was about to join the building she was erecting to this party wall in a way to seriously weaken and impair the wall, and by incisions into it which were unnecessary to a proper and secure junction of her building onto the wall. Since then the bill has been amended in this respect, and it is now made to appear by its averments that at the time of the filing of the original bill the respondent was proceeding to erect a building on her adjoining lot and against this party wall, making said wall a part of her building, and intending and proceeding to cut numerous holes in said wall for the sleepers and joists of her house, instead of resting the same on ledges or shoulders left on that side of the building—as indeed on the other—for that purpose, and anchoring the same by rods extending through the wall—as had been done by complainant on the other side—and that a perfect mechanical juncture, substantial, strong and safe, could be made by the use of said ledges and anchors; that the complainant had in that way made such juncture of his much larger and heavier building; that such juncture on respondent's part would not at all impair or weaken the wall as a party wall; but that a juncture formed in the mode proposed by the respondent and which she was proceeding to make would greatly and irreparably impair and weaken the wall, and greatly endanger complainant's building, which depended upon it both for vertical and lateral support; and the particular manner in which respondent was proceeding to cut into the wall, the size and number of the holes she was about to make, their distance apart, and the details of the injury they would work to the wall, etc., etc., are averred in the bill, so that it is now made to clearly appear by the bill that the respondent was proposing and proceeding to deal with and join onto the party wall in an unnecessary, wrongful and most injurious manner, violative of complainant's rights in the wall and threatening irreparable damage to his building. So that if the facts alleged in the bill

as existing at the time the original bill was filed are true, as is admitted for the purposes of this appeal by the motion to dismiss for want of equity and the demurrer, in our opinion the complainant is entitled to the injunctive relief prayed for, unless the case made by the bill is emasculated of equity by the allegation in the amended bill "that since the filing of the original bill in this case the respondent has completed her said building and has formed a good mechanical juncture to said party wall, without cutting into the same in any manner, and is enjoying all the benefits and supports of said party wall to her said building." The chancellor was of opinion that this averment took out of the bill any equity there may have been in it originally, and he sustained the motion to dismiss for the want of equity and the demurrer largely upon this ground; saying in the decree that "the court is of the opinion that there is no ground of equitable relief stated in the amended bill, especially as it is averred in the seventh paragraph thereof that the 'respondent has completed her said building'" etc. etc. setting out the averment quoted above. We think this is a mistaken view. The original and amended bills are to be taken together and constitute but one bill; and that bill speaks as of the filing of the original bill as to the rights of the complainant.—*Taunton & Brooks v. McInnish*, 46 Ala. 619; *Adams v. Phillips*, 75 Ala. 461; *American Freehold Land Mortgage Co. v. Sewell*, 92 Ala. 163; *Brackin v. Newman*, 121 Ala. 311. And while facts occurring in the premises *puis darrein continuance* may, under our practice, be brought in by amendment, (*Freeman v. Brown*, 96 Ala. 301), it depends, of course, entirely upon the nature of a new and subsequently occurring fact whether it destroys the equity of the bill. A complainant might thus amend himself out of court so far as his title to the final relief originally sought is concerned by showing that since bill filed his rights had passed to another, or his estate had terminated, or the like; but an amendment *puis darrein continuance,* if we may so call it, which merely sets up recently occurring facts, the effect of which is to strengthen the case made as to the original right and to confirm the title originally alleged, can have no such effect. The amendment under consid-

eration is of this latter class. The original bill and the bill as amended showed that at the time of filing the original bill the respondent was proceeding to make an improper and unlawful juncture onto the party wall by cutting into it and thereby greatly impairing and weakening it to complainant's injury and damage, that there was no occasion for such juncture, but that respondent could make a proper, safe and good mechanical juncture without cutting the wall at all. For the obvious purpose of merely lending additional force and strength to these averments, it is shown by the amendment that since the filing of the bill the respondent has in point of fact done what the bill originally alleged she could do, and has made a proper juncture in the manner the original bill averred she should make it, and has built her house and joined it onto the party wall without destroying or impairing its usefulness to complainant or impinging upon his rights in it, so that, as the bill now stands, its averments demonstrate by the accomplished fact that respondent was under no necessity, and therefore had no right, to make the juncture she was proposing and proceeding to make when the bill was filed, and which, according to other averments, would have been improper and most injurious and prejudicial to the complainant. And in view of the fact that this juncture was made by her while the temporary injunction was upon her and that there is no assurance, if the injunction is dissolved, that she will not at some future time in changing the small wooden building she has erected or in erecting another building again attempt to make the improper and unlawful juncture she, according to the bill, intended and was proceeding to make when the bill was filed, the circumstance of her having built her house and properly joined it onto the wall does not even tend to show that the complainant is now under no necessity to have her perpetually enjoined; and so far from tending to show that he originally had no title to that relief, it makes for just the contrary conclusion. And even if there were any room for saying that the desistance of the respondent from the alleged wrongful line of conduct upon which she had set herself, and her adoption of a method

of juncture consonant with complainant's rights obviates occasion to continue and perpetuate the injunction, it would by no means follow that complainant would be cast in the suit, that the injunction would be dissolved and complainant be subjected to damages on his injunction bond and mulct for the costs of the suit. At most the injunction would be *discharged*, the case would be disposed of as upon a plea of *puis darrein continuance*, and the complainant would be entitled to his costs.—*Memphis & Charleston Railroad Co. v. Grayson,* 88 Ala. 580.

There were many grounds of demurrer assigned, but none of them have any reference to this new matter injected into the case by amendment. There need have been no specification of the grounds of the motion to dismiss for want of equity, but respondent's solicitors expressly based that motion upon seven specified grounds. In none of these is any reference made to this new matter. It is manifest, therefore, that the solicitors upon either hand in the court below were of one mind as to the effect of the new matter in the case, that it at least did not hurt the bill. And we concur with them. Even if it had imported infirmity into the bill, the demurrer could not have been sustained on account of it, since the assignments do not go specially to it.

We will not separately discuss the grounds of the motion to dismiss and of the demurrer. Enough has been said to indicate the grounds of our opinion that the amended bill contains equity and that it properly presents the facts necessary to the relief prayed. The decree of the chancery court is reversed, and a decree will be here entered overruling the motion to dismiss for want of equity and the demurrer, and restoring the temporary injunction.

Reversed and rendered.