# Mayor and Aldermen of East Lake v. De Vore, *et al.*

## *Action on Injunction Bond.*

(Decided Nov. 30, 1910.   53 South. 1018.)

*Injunction; Bond; Liability.*—Where, on complainant's motion, a bill for injunction was dismissed, the injunction was thereby dissolved and the conditions of the bond were breached and respondent was entitled to recover counsel fees for counsel employed to defend suit.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action on an injunction bond by the mayor and aldermen of the town of East Lake and others, against W. M. DeVore and others.   Judgment for defendant and plaintiff appeals.   Reversed and rendered.

SUMTER LEA, and ARTHUR L. BROWN, for appellants. Under the facts made by the record plaintiff was entitled to damages for counsel fees incurred in defense of the injunction, and the court erred in denying damages.—*Bush v. Kirkbride*, 131 Ala. 405; *Rosser v. Timberlake*, 78 Ala. 162.

H. H. BLACK, for appellee.   Proof is not sufficient to authorize recovery of attorney's fees.—*Rees v. Pelzer*, 1 Ill. App. 315.   No necessity was shown for employing a lawyer.—*Hibbs v. Western L. Co.*, 81 Ia. 285; 22 Cyc. 1040.   Damages are not recoverable on injunction bonds for an attorney's services when they   are   performed gratuitously.—*Schening v. Cofer*, 97 Ala. 726.   It is necessary that the services be rendered in   procuring dissolution.—*Jackson v. Millspaugh*, 100 Ala. 287; *Curry's Case*, 124 Ala. 614.

DOWDELL, C. J.—This is an action upon an injunction bond. The bond is set out in the complaint, and contains the conditions prescribed by the statute. The complaint avers in what the breach consisted, with claim for resulting specified damages. The cause was tried by the court below on the plea of the general issue, without the intervention of a jury, and judgment was rendered in favor of the defendants, from which the plaintiff appeals.

The undisputed evidence shows that the plaintiff here was made a defendant in the injunction suit; that he employed counsel and defended against said injunction, and thereby incurred counsel fees; that, after answer filed by him in the injunction suit, the bill in that proceeding, on the complainants' own motion, was dismissed. The value of counsel fees defending against the injunction was to be $150. The bill for injunction was purely for injunctive relief. The dismissal of the bill by the complainant necessarily dissolved the injunction. The condition of the bond was thereby breached, and right of action on the bond arose. What was said in the case of *Bush v. Kirkbride,* 131 Ala. 405 —410, 30 South. 780, 782, is apposite here: "We have then in this case every constituent of liability on the bond sued on: The suing out of the writ, evidence of damages sustained by plaintiff by the suing out of it, and its dissolution." The case of *Bush v. Kirkbride,* just cited, in principle is sufficient authority upon which to rest the determination of the case under consideration.

We think on the undisputed facts the trial court should have rendered a judgment in favor of the plaintiff and for the amount of damages proven, viz., $150. The judgment appealed from will be reversed, and one

[Schuessler & Sons v. Still.]

will be here rendered in favor of plaintiff as above indicated.

Reversed and rendered.

SIMPSON, MCCLELLAN, and MAYFIELD, JJ., concur.