# Town of Dadeville, *et al. v.* Wynn.

### Assumpsit.

(Decided October 26, 1915.   Rehearing denied December 8, 1915.
70 South. 197.)

1. **Injunction; Bonds; Action on.**—A person injured by the issuance of an injunction cannot recover in his own name, unless he is named as an obligee in the bond, and then all the obligees must be joined with him as plaintiffs; hence, no recovery on an injunction bond can be had where one of the parties plaintiff was not named in the injunction bond.

2. **Same; Dismissal.**—Ordinarily the dismissal of a suit in which an injunction has been issued is a determination that it was improperly granted, yet where a suit to enjoin the maintenance of a street fair on certain days, was, at the expiration of those days, dismissed at the cost of defendants in the injunction suit, such a dismissal does not show a judgment for defendant, but rather a judgment in favor of complainant, and the discharge of the injunction because there was no longer any ground for a continuance.

3. **Same.**—To support a suit on an injunction bond, it must appear that a final adverse decision was rendered against complainants in the injunction suit, which will be implied from a dismissal of the suit.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by the Town of Dadeville and others against W. H. Wynn and others on an injunction bond.   Judgment for defendants and plaintiffs appeal.   Affirmed.

J. W. STROTHER and J. B. RYLANCE, for appellant.   BRIDGES & OLIVER, for appellee.

THOMAS, J.—The action was by the town of Dadeville, its mayor and councilmen, and by J. M. Sheesley, doing business under the name of "The Greater Sheesley Shows," against W. H. Wynn, et al., on an injunction bond executed by defendants on

[Town of Dadeville, et al. v. Wynn.]

October 29, 1913, for the purpose of procuring the issuance of an injunction against plaintiffs to the end of restraining them from a threatened obstruction of the streets of the town of Dadeville with a street fair, which had been arranged and advertised to be held there on October 30 and 31 and November 1, 1913. The condition of the bond was that if the complainants in the chancery bill (defendants here) "should pay all damages and costs which any person might sustain by the suing out of the injunction, in the event the same was dissolved, then the obligation was to be void; otherwise, to remain in full force and effect." The complaint alleged, among other things, the issuance of the writ of injunction on said October 29, 1913, and that the same remained in full force and effect until the 14th day of February, 1914, "when," avers the complaint, "the said chancery court that issued the writ dismissed defendants' bill of complaint out of said court and dissolved said injunction."

The damages claimed by the plaintiffs were for attorney's fees paid out in defending the injunction suit, and for loss of profits from being restrained from operating or conducting said street fair. The defendants pleaded to the action the general issue; and, at the conclusion of the evidence, the court gave the general affirmative charge for the defendants, and refused it to the plaintiff, which are the only errors assigned.

(1) We are of opinion that the action of the court was entirely proper for several reasons. In the first place, because one of the plaintiffs here (J. M. Sheesley, who, it was alleged in the complaint, did business under the name of "The Greater Sheesley Shows") was not named at all as an obligee in the injunction bond introduced in evidence—not named either by his individual name, J. M. Sheesley, or by the name in which he was alleged to have done business, "The Greater Sheesley Shows," or by any other name; hence there was a clear variance between allegation and proof in the description of the bond sued on, which justified the giving of the affirmative charge. A person injured by the issuance of a writ of injunction cannot recover in his own name, unless he is named as an obligee in the bond, and then all the obligees must be joined with him as plaintiffs in the suit.— *Smith v. Mutual Loan & Trust Co.*, 102 Ala. 282, 14 South. 625; *Babcock v. Reeves*, 149 Ala. 665, 43 South. 21; *Weedon v. Jones*, 106 Ala. 336, 17 South. 454; *Hilliard v. Brown*, 103 Ala. 318, 15 South. 605; *Masterson v. Phinizy*, 56 Ala. 336.

(2) In the next place, the defendants were entitled to the affirmative charge because the undisputed evidence (the decree, records, and proceedings of the chancery court in the injunction suit mentioned, which were offered in evidence by the plaintiffs) failed to show that the injunction, if dissolved, had been dissolved in such a way as in law would fix a liability against defendants under the terms of the injunction bond. In fact, they show the reverse. The records and proceedings of the chancery court disclose that the bill for injunction was demurred to by the defendants to that suit, who are plaintiffs here; that proof was duly taken in support of the allegations of the bill, and that on February 14, 1914, when the case was submitted for final decree, the time of the alleged threatened obstruction of the streets of Dadeville by a street fair on October 30 and 31 and November 1, 1913, had passed; that the court, upon consideration of the case as made by the pleadings and proof, entered the following final decree (omitting parts immaterial to the consideration here), to-wit: "This cause was submitted at said term [December term, 1913] for final decree on pleadings and proof as noted by the register, and by consent of parties held for decree in vacation. Upon consideration thereof the court is of opinion that complainants' suit should be dismissed, and respondents taxed with the cost. This litigation is an effort on the part of individual citizens of the town of Dadeville to prevent the municipal authorities of said town and others from placing and operating a street fair in the streets and public squares of said town on the 30th and 31st days of October and the 1st day of November, 1913. A threatened public nuisance is clearly alleged in the bill, and the facts are alleged showing complainants' right to maintain this suit to restrain the creation of a public nuisance and to abate it, should it come into existence, while it existed. So it may be conceded the bill was properly filed and the injunction rightfully issued. The record shows that the respondents proceeded in violation of said injunction to create said public nuisance by obstructing parts of the streets of the said town with the tents of the said street fair on the days of, to-wit, the 30th and 31st of October and the 1st of November, 1913, and that they were punished therefor to the extent the court deemed adequate, just, and right. Immediately after said contempt proceedings, respondents removed said street fair from the streets and public square of said town, and, in fact, did at that time all that this

[Town of Dadeville, et al. v. Wynn.]

court would be able to make them do by a final decree in favor of complainants. The public nuisance was then abated, and the right of the complainants to further litigate as in the right of the public ended. It is true that no facts are set up for the defense showing a puis darrein continuance. However, this is not believed to be necessary where the bill itself specifies the days on which the threatened nuisance was to continue, and contains no allegation that it might continue longer than the said three days. If the obstruction of any part of said streets were permanent or continuing, there would be no doubt of the right of the complainants to have them abated as a public nuisance in this suit. * * * It is therefore ordered, adjudged, and decreed by the court that complainants' bill be, and the same is hereby, dismissed out of this court, and that respondents pay the costs of this suit," etc.

It is true that, ordinarily, the dismissal of a suit in which an injunction has been issued amounts to a determination that the injunction has been improperly granted, and in such case a right of action on the injunction bond immediately accrues to the defendants in that suit (*Mayor and Aldermen of East Lake v. Devore,* 169 Ala. 237, 53 Eouth. 1018; *Zeigler v. David,* 23 Ala. 127; *Bogacki v. Welsh,* 94 Ala. 429, 10 South. 330; *Babcock v. Reeves,* 149 Ala. 665, 43 South. 21; 16 Am. & Eng. Ency. Law [2d Ed.] 456 et seq.) ; but this is not true where, as here, the decree itself shows that the adjudication was not adverse to, but in favor of, the complainants, and that the bill was dismissed merely because the injunction had fully performed its office, and at the cost of the respondents. The legal effect of the decree was merely to discharge, and not to dissolve, the injunction (*McMinn v. Karter,* 123 Ala. 510, 511, 26 South. 649), and was a clear determination that the injunction had been rightfully, instead of wrongfully, issued. The plaintiffs in this action are concluded by that determination.—16 Am. & Eng. Ency. Law (2d Ed.) 458.

(3) To support a suit on the bond, it is necessary that a final adverse decision against complainants in the injunction suit be shown, which will be implied from a dismissal of the suit, unless the contrary appear, which is here the case.—*Palmer v. Foley,* 71 N. Y. 106; *Large v. Steer,* 121 Pa. 30, 15 Atl. 490; *Watt v. Saunders,* 10 B. Mon. (Ky.) 372; High on Injunctions, § 1678; 10 Am. & Eng. Ency. Law (1st Ed. 999; 22 Cyc. 1029; *McMinn*

[Sibley v. Barclay.]

*c. Karter*, 123 Ala. 510, 511, 26 South. 649; *Memphis & C. R. Co. v. Grayson*, 88 Ala. 580, 7 South. 122, 16 Am. St. Rep. 69; *Jesse French Piano Co. v. Porter*, 134 Ala. 302, 32 South. 678, 92 Am. St. Rep. 31.

There are perhaps other reasons, as urged in appellees' brief, why the court was also justified in giving the affirmative charge, but it is unnecessary to consider them.

Affirmed.