WOOD, WIRE & METAL LATHERS, IN-
TERNATIONAL LOCAL NO. 216,
et al., Plaintiffs,

v.

BROWN & ROOT, Inc., et al., Defendants.
Civ. A. No. 1398.

United States District Court
S. D. Alabama, S. D.
Dec. 31, 1957.

William G. Caffey (of Caffey, Gallalee & Caffey), Mobile, Ala., for plaintiffs.

John H. Tappan (of Pillans, Reams, Tappan, Wood & Roberts), Mobile, Ala., Ben H. Powell, Sr. (of Powell, Rauhut, McGinnis & Reavley), Austin, Tex., for defendants.

THOMAS, District Judge.

This is a suit on an injunction bond, in which jurisdiction is founded on diversity of citizenship. The facts of the case are not in dispute. The only question presented here, on motion for sum-

mary judgment, involves the interpretation of an Alabama statute.

■ The Code of Alabama of 1940, Title 7, Section 1043, provides that a party procuring an injunction

"* * * must give bond with surety, in such sum as the officer granting the application directs, payable to the party against whom the application is granted, and approved by the register, and conditioned to pay all damages and costs which any person may sustain by the suing out of such injunction, if the same is dissolved."

This statute thus specifically provides that dissolution of the injunction is a condition precedent to liability on the bond.

Brown & Root, Inc., obtained a temporary injunction against certain labor organizations and individuals (who are the plaintiffs in the present action) in the Circuit Court of Washington County, Alabama, in Equity, No. 633 (and see Equity No. 644 in that Court). The injunction was maintained by the Circuit Court through fairly extended litigation, including an appeal to the Supreme Court of Alabama (Wood, Wire & Metal Lathers, etc., v. Brown & Root, Inc., 258 Ala. 430, 63 So.2d 372). The need for injunctive relief became unnecessary and, on sworn motion by Brown & Root, Inc., showing this, the case was dismissed. The Circuit Court entered a decree *nunc pro tunc* in which it found that the temporary injunction had been properly issued at the outset, and the reason for its dismissal was the fact that the need for relief had become unnecessary. The decree set out that the injunction was discharged.

The action before this Court is on the injunction bond and the defendants have moved for a summary judgment. Oral arguments by both parties were heard on the motion, the proceedings in the Washington County Circuit Court action were made available to this Court, and the matter was taken under submission. For the reasons noted below this Court concludes that the motion for summary judgment is well taken and should be granted.

In support of their insistence that the bond has been breached, plaintiffs refer particularly to Bush v. Kirkbride, 131 Ala. 405, 30 So. 780. The Bush case does present many similarities. The complainant in an injunction action, after having obtained his injunction, and having filed his bond, moved to dismiss based on changed circumstances. An action was brought on the injunction bond after the dismissal; and the Alabama court found there existed every constituent of liability on the bond sued on, including the dissolution of the injunction, the necessary predicate to an action on the bond. The Bush case has been followed in Alabama by Town of East Lake v. De Vore, 169 Ala. 237, 53 So. 1018, and National Surety Co. v. Citizens' Light, Heat & Power Co., 201 Ala. 456, 78 So. 834.

In turn, defendants refer to Town of Dadeville v. Wynn, 14 Ala.App. 418, 70 So. 197, 198. Here again an injunction action had been dismissed by the court by reason of changed circumstances, particularly in that there no longer existed need for the injunction; and suit had been instituted on the injunction bond. In the Town of Dadeville action, however, the Circuit Court, after hearing, had concluded that the injunction had been rightfully issued in the first instance; and on the subsequent suit on the injunction bond, recovery was denied. The Court of Appeals, in affirming the action of the lower court, has this to say:

"It is true that, ordinarily, the dismissal of a suit in which an injunction has been issued amounts to a determination that the injunction has been improperly granted, and in such case a right of action on the injunction bond immediately accrues to the defendants in that suit (citing cases); but this is not true where, as here, the decree itself shows that the adjudication was not adverse to, but in favor of, the complainants, and that the bill was

dismissed merely because the injunction had fully performed its office, and at the cost of the respondents. The legal effect of the decree was merely to discharge, and not to dissolve, the injunction (McMinn v. Karter, 123 Ala. [502] 510, 511, 26 So. 649), and was a clear determination that the injunction had been rightfully, instead of wrongfully, issued. The plaintiffs in this action are concluded by that determination. (Citation.)

"To support a suit on the bond, it is necessary that a final adverse decision against complainants in the injunction suit be shown, which will be implied from a dismissal of the suit, unless the contrary appear, which is here the case."

I am of the opinion that any apparent contradiction in the foregoing Alabama authorities may be reconciled on the thought quoted from the Town of Dadeville case: although the dismissal of an injunction action constitutes a prima facie adjudication on the merits against the complainant, the contrary may be shown. In the Bush line of decisions, holding the defendants liable on the injunction bond and referring only to the dismissal of the injunction suit, there was no showing that the injunction had been held rightfully issued, and hence the question of liability on the bond where an injunction had been rightfully issued was not before the court.

▮▮▮ I conclude that a dismissal combined with an adjudication of a properly issued injunction does not constitute basis for action on the bond. This conclusion gains support in the Town of Dadeville case: "The legal effect of the decree was merely to discharge, and not to dissolve, the injunction." There is a distinction between the discharge and the dissolution of an injunction. McMinn v. Karter, 123 Ala. 502, 26 So. 649; Jones v. Ewing, 56 Ala. 360. For an injunction to be dissolved, it must be established there is no equity—in effect, that the action is without merit. A discharge is concerned with mere matters of form. The condition of liability on the injunction bond is the dissolution of the injunction, not its discharge. The purpose of an injunction bond is to protect the party or parties against whom the injunction is sought from wrongful or vexatious suits. The decree of the Circuit Court in the instant case found the temporary injunction had been properly issued, and did not dismiss, but discharged, the injunction. And, quoting again from the Town of Dadeville case: "* * * the undisputed evidence (the decree, records, and proceedings of the chancery court in the injunction suit mentioned, which were offered in evidence by the plaintiffs) failed to show that the injunction, if dissolved, had been dissolved in such a way as in law would fix a liability against defendants under the terms of the injunction bond. In fact, they show the reverse."

Accordingly, let the defendants' motion for a summary judgment be granted.