# McMinn *v.* Karter.

*Bill in Equity for Injunction.*

1. *Party wall; right of coterminous proprietor to use it.*—Where a wall is erected on the line between two lots owned by different persons, with one-half of it on the land of each, and at the joint expense of the coterminous proprietors, the law construes such wall to be a party wall, which is owned in common by the coterminous proprietors, and each of them has the right to use it to its middle line in any manner he pleases that does not injure or weaken it in respect of its legitimate use by the other coterminous proprietor; and the rights thus conferred by law are but accentuated by an agreement between the coterminous proprietors stipulating that the said wall shall be kept in repair by them equally, that each shall have the right to use it and join thereto, that nothing shall be done by either to weaken or impair it as a party wall, and that it shall remain a solid wall.

2. *Same; same.*—A coterminous proprietor having the right to join to a party wall any building he may erect on his lot and to use it as the wall of such building, the injury to or weakening of the wall merely incident to the joining thereto, and forming a complete and perfect junction of such building in the customary and proper manner, does not violate a legal duty, nor is it within the inhibition of a contract that nothing shall be done to impair the strength of the wall as a party wall.

3. *Same; same.*—The cutting in a good, mechanical manner of apertures in a party wall, which are of such dimensions and at such distances apart as is customary and proper for the insertion of joists and sleepers, to be used in the erection of a building on the adjoining lot, does not impinge the stipulation of a contract relating to the party wall between the coterminous proprietors that it "shall be and remain a solid wall."

4. *Chancery practice; amendment of answer after submission of cause for final decree.*—After a cause in the chancery court has been submitted on pleadings and proof for final decree, it is error for the court to allow the defendant to amend his answer against the objection of the complainant.

APPEAL from the Chancery Court of Cullman.

Heard before the Hon. W. H. SIMPSON.

The bill in this case was filed on the 25th day of September, 1896, by the appellant, James A. McMinn, and

seeks to enjoin the respondent, Mary B. Karter, from cutting openings or apertures in a party wall; the respondent desiring to erect a frame building on the lot adjoining the building of complainant, and to join her building to the party wall by cutting apertures in the same for joists and sleepers, all along the full length of the party wall, at the depth of six inches and from nine to twelve inches apart, and twelve inches in length, and from two to two and one-half inches in width. The bill alleges that this will materially weaken the wall; that the cutting of the apertures at that distance will jar and loosen the brick in between the openings, cut through the hard part of the wall, and thereby take away one-third of the strength of the wall, producing irreparable injury and damage to his property rights in said wall; that the openings are unnessary for the proper use of said wall by joining; sufficient ledges having been left when the wall was constructed, for the purpose of joining other buildings, and that the respondent can make a proper and good mechanical junction to said wall without making said openings; and that the erection of said building will greatly increase the fire hazard to complainant's building and property.

On the 2d day of October, 1896, the respondent filed an answer, in which she denied the allegations of the bill, and filed with her answer a motion to dissolve the injunction for want of equity in the bill and upon the denials of the answer.

Evidence in the way of affidavits was introduced by both parties, sustaining and refuting the allegations of the bill and the answer, respectively. The other material facts of the case are sufficiently stated in the opinion.

The cause was, by agreement of parties, set down for hearing upon a certain day, upon the pleadings and evidence, and upon the motion of the respondent to dissolve the injunction and to dismiss the bill, and upon the exception to the several affidavits introduced by the complainant and respondent, respectively.

The respondent, after the submission of the cause for decree, as above stated, made an application to amend her answer by adding thereto a verification thereof, the affidavit being made by her duly constituted agent. Against the objection of the complainant, the court allowed this amendment to be made. Subsequently,

[McMinn v. Karter.]

there was a decree rendered dissolving the injunction, and overruling the exceptions to the affidavits on both sides. From this decree the complainant appeals, and assigns the rendition thereof as error.

J. B. BROWN, for appellant.—The court erred in allowing the respondent to amend her answer, after the cause had been submitted for final decree.—Rule 35, Chancery Practice, p. 817; *Rainey v. Rainey*, 35 Ala. 282; *Birmingham Min. R. R. Co. v. Bessemer*, 98 Ala. 274; *Farris v. Houston*, 78 Ala. 250.

2. The contract provides that the said wall shall be and remain a party wall, and nothing shall be done to weaken or impair the strength of said party wall, but it shall be and remain a solid wall. The bill alleges that the cutting of the apertures as set forth in the bill, will cut away one-third of the strength of the said wall, cutting out and jarring loose all the hard parts of the wall on that side, and will produce irreparable injury and damage to said wall and the complainant's right to latteral support therein. This gives the bill equity.—*Graves v. Smith*, 87 Ala. 450; *Nininger v. Norwood*, 72 Ala. 261; Lloyd on Buildings, § 184; High on Injunctions, § 792; *White v. Flannigan*, 54 Amer. Dec. 668; Washburn on Easements, 453.

3. The court will take judicial cognizance that the cutting of holes through a brick wall in close proximity with each other, in a direct line, will weaken the wall. The court further judicially knows, it being a matter of common knowledge, that when the solidity of a brick wall is once broken and is weakened, that the injury produced is irreparable.—*Graves v. Smith*, 87 Ala. 450; *Brennen v. Vogt*, 97 Ala. 647; *H. A. & B. R. R. Co. v. Walters*, 91 Ala. 435; *Ga. Pac. R. R. Co. v. Gaines*, 88 Ala. 377.

4. If the apertures were not essentially necessary for the proper use of the party wall, a court of equity would not allow the respondent to speculate as to whether or not the making of the apertures would damage the wall. 18 Amer. & Eng. Encyc. of Law, 16; 10 Amer. & Eng. Encyc. of Law, 851, and cases cited; 874, § 19.

5. The authorities leave no doubt of the jurisdiction of equity to interfere by injunctive relief.— *Vansyckle v. Tryon*, 6 Phil. Rep. 401; *Sullivan v. Graffort*, 35 Iowa,

531; *Block v. Isham*, 92 Amer. Dec. 297, note; *Graves v. Smith*, 87 Ala. 453; *Davenhauer v. Devine*, 51 Tex. 480; *St. John v. Sweeney*, 59 How. Prac. (N. Y.) 175; *Volmer's Appeal*, 61 Penn. St. 118.

S. T. WERT, *contra*.

McCLELLAN, J.—The wall involved in this case having been erected on the line between the lots of McMinn and Parker, with one-half of it resting upon the land of each, and at the joint expense of the coterminous proprietors, was as much the property of Parker as of McMinn, and is now as much the property of respondent, who has succeeded to Parker's rights and title, as it is of the complainant, McMinn. Its sole value to Parker and to his successors in estate lay in his and their right to join any building he or they might thereafter erect on the adjacent lot on to it and to use it as the wall of such building on that side, as McMinn has used it as the wall on that side of the building erected by him. The owners of the vacant lot had, in other words, not only the privilege or easement of joining on to the wall, but they were in fact owners of the wall in common with McMinn, and as such had the right to use the wall to its middle line in any manner they pleased so long as the wall was not thereby injured or weakened in respect of its uses as a part of McMinn's building. Their respective rights standing thus upon the law without any agreement, are but accentuated and emphasized by the writing entered into by McMinn and Parker, reciting the building of the wall as a party wall at joint cost, on the line between, and extending each way onto the land of each of the coterminous proprietors, and stipulating "that the said wall shall be kept in repair by the said parties equally, that each of said parties have a right to use the same and join thereto, that nothing shall be done by either party to weaken or in any manner impair the strength of said wall as a party wall, and that said wall shall be and remain a solid wall." Under the law, apart from the contract, and under the contract itself, Parker had the right not only to use the face or side of the wall next his lot, but also to such further use of it as was necessary to form a complete and perfect junction in an ordinarily good mechanical manner bewteen

[McMinn v. Karter.]

it and any building he desired to erect on his lot, and an injury to or weakening of the wall merely incident to the joining thereto of such building in the customary and proper manner would not be within the inhibition of the contract nor violative of legal duty. We do not know judicially that the letting in of sleepers, joists and rafters in the way proposed by the respondent would at all injure or weaken this wall; the cuttings to be only four inches into an eighteen inch wall. There would be more ground for an imputation of common knowledge that the method of joining to and using the party wall sought to be enjoined is that of customary and usual adoption in the building trade; and it would be interesting to know if the complainant has not adopted this method in securing proper support for the sleepers and joists of his own building. Certainly such cuttings would not impign upon the stipulation of the writing that the wall shall "be and remain a solid wall." But pretermitting a resort to common knowledge in this connection, the showing made before the chancellor upon the bill, answer and affidavits justifies the conclusion not only that the method proposed of joining onto the party wall is the usual and customary method resorted to and adopted in such cases; and necessary and proper, but that the wall as a party wall will not be injured or weakened thereby.

In arriving at the conclusion just announced we have considered the affidavits found in the record without passing upon the question whether this is a proper case for such evidence. This we have done because both parties filed affidavits below; all the affidavits were considered by the chancellor. The objection by appellee to appellant's affidavits are not and could not be presented for consideration on this appeal, and appellant's objections to appellee's affidavits are not insisted upon by counsel here.

The court is, however, of the opinion that the chancellor erred in allowing the amendment of the verification of respondent's answer after the submission of the cause against complainant's objection; and for this the decree dissolving the injunction must be reversed. The cause is remanded.— *Wilkinson v. Buster*, 115 Ala. 578.

Reversed and remanded.