# Belcher *et al. v.* Scruggs, *et al.*

*Bill in Equity to Remove Cloud from Title.*

1. *Bill to remove cloud from title; necessary that complainant should be in possession.*—A court of equity will not entertain a bill to remove a cloud from the title to land in favor of a person asserting the legal title, when he is not in possession, unless he shows some special equity, which would prevent or embarrass the assertion of his rights at law.

2. *Same; same; sufficiency of evidence of possession.*—Where in a bill to remove a cloud from title to land, upon the issue as to

[Belcher *et al.* v. Scruggs *et al.*]

whether the complainant was in possession of the property, it is shown that upon being advised by his counsel that in order to maintain the suit it was necessary that he should be in actual possession of the land, which was unimproved and untenanted, he went upon a very small portion of the tract, cleared up about an acre of an old field, built a fence around it, plowed it and planted it, all of which was done in one day, and then abandoned said part of the tract, such evidence does not show the possession required by courts of equity in order to entertain bills to remove a cloud from title.

3. *Equity pleading; when decree can not be supported.*—In a bill in equity, which does not aver necessary facts to authorize the relief prayed for, proof of such facts are ineffectual to support a decree in complainant's favor, since proof, without allegations, is ineffectual to authorize relief in a court of equity.

APPEAL from the City Court of Birmingham, in Equity.

Heard before the Hon. CHAS. A. SENN.

The bill in this case was filed by appellants to remove a cloud from the title of the complainants to the land described in the bill, by cancelling a deed made by them and others to Henry F. DeBardeleben and also the deed of those holding under the latter, on the ground that the deed first mentioned was not signed by them or by their authority.

Complainants allege that they constitute in part the descendents of one Thomas Graham, who died about thirty years ago, owning the land in question and that they, as his heirs, are now the owners thereof subject to the dower of Nancy Graham his wife. They state that William Graham, a brother of said Thomas Graham, and the heirs of John Graham, another brother, claim some interest in the land but have none, without in any manner, stating what that interest is.

The bill also alleges that on the 3d day of May, 1881, Wm. Graham, one of the brothers of Thos. Graham, and the heirs of John Graham, another brother, and some of the heirs of Thomas Graham (under whom they claim), executed a deed to Henry F. DeBardeleben for the land in question for the expressed consideration of about $900. That no part of this consideration was paid to them, nor

22

did they ever execute the deed. That the said DeBardeleben conveyed to Peters and so on until the title reached the defendants. It is nowhere alleged that the complainants are in the possession of the land at the time they filed the bill, or who was in possession.

Defendant Scruggs answered the bill denying its allegations and setting up the deed to DeBardeleben and from him on down to himself and alleges that Debardeleben took possession of said land immediately upon the execution of said deed, and that he and those to whom the title, which defendant holds, was conveyed, have ever since been in possession. He also pleads adverse possession for ten years and demurs to the bill on the ground that the complainants have a complete and adequate remedy at law.

Roden, the other defendant, answered the bill denying the allegations of the bill, and pleads that the suit is barred by the laches of the complainants and by the statute of limitations of ten years.

Scruggs in his amended answer demurs to the bill on the grounds that the title of the complainants is too indefinitely stated and that the suit is barred by lapse of time and the laches of the complainants.

Upon the final submission of the cause upon the pleadings and proof, the court decreed that the complainants were not entitled to the relief prayed for, and ordered the bill dismissed. From this decree the complainants appeal, and assign the rendition thereof as error.

GEO A. EVANS and J. G. CREWS, for appellant.—Possession of land may be by different modes. It may be by enclosure, by cultivation, by the erecting of buildings or improvements, or by any visible, open use, clearly indicating its appropriation and actual use by the persons claiming under it. It must be by acts suitable to the character of the land. If the land is under cultivation there must be actual continued cultivation.—*Kane v. Forte*, 70 Ill. 587; *Bell v. Denson*, 56 Ala. 449; *Doolittle v. Tice*, 44 Barb. (N. Y.) 181; *Robbins v. Moore*, 129 Ill. 30. When land is enclosed and the fence allowed to de-

cay, this held abondonment of possession.—*Borrell v. Robbins,* 30 Cal. 408; *Whittlesy v. Hoppengan,* 72 Wis. 140.

In the case at bar there had been no open or actual possession hostile to complainants for about ten years before the filing of the bill. There was nothing to apprise the complainants of any adverse claims on the part of the defendants. They had a right to conclude that defendants had long ago abandoned their claim. It has been well said that "an adverse posession is such as to challenge the right of all the world; and when an occupant evacuates the place and suffers it to go to wreck, he hauls down his colors and his challenge is withdrawn."—*Stephens v. Leach,* 19 Pa. St. 262; *Alexander v. Polk,* 39 Miss. 755. The defendants themselves had been guilty of laches in asserting their rights, and cannot therefore impute laches to complainants.—*Dickerman v. Burgess,* 20 Ill. 266.

WHITE & HOWZE, *contra.*—Even if the statute of limitations applies to this suit or not, the complainants, certainly the adults, have lost their right to prosecute this suit by their neglect and long delay in doing so. When a party relies on ignorance of facts material to his rights he must show by *distinct averment* why he was so long ignorant and acquit himself of all knowledge of facts which would have put him on inquiry.—*Otis v. Dargin,* 53 Ala. 178; *James v. James,* 55 Ala. 525; *Scruggs v. Decatur, etc.,* 86 Ala. 178. The allegations on this subject are just as important as proof. Proof without allegation is no better than allegation without proof.—*Cameron v. Abbott,* 30 Ala. 416; *Copeland v. Kehoe,* 57 Ala. 246; *Rea v. Longstreet,* 54 Ala. 291.

It is an undeniable rule of a court of equity that all the parties to a bill in chancery must be entitled to recover or else the bill will be dismissed.—*James v. James,* 55 Ala. 525; *Hutton v. Williams,* 60 Ala. 107; *Taylor v. Robinson,* 69 Ala. 269; *Reynolds v. Caldwell,* 80 Ala. 232.

This is a suit to remove a cloud from the title of the complainants and they cannot recover unless they allege

and prove that they had possession of the land when the suit was brought.—*Thornton v. City Council,* 82 Ala. 591; *Barnes v. Barnes,* 64 Ala. 375; *McLean v. Pressly,* 56 Ala. 211.

TYSON, J.—The bill in this cause was filed by a number of complainants as heirs at law of one Thomas Graham, deceased, who died more than ten years ago. The purpose of the bill is to cancel several deeds as a cloud upon the title of the complainants to a certain tract of land described in the bill and in the deeds. There is no averment that the complainants were in possession of the land prior to and at the time of the filing of the bill. So far as its allegations show, they have a complete and adequate remedy at law. Without this averment, it is wholly without equity, there being no special equity alleged showing some obstacle or impediment, which would prevent or embarras the assertion of their rights at law.—*Thorington v. City Council of Montgomery,* 82 Ala. 591; 3 Brick. Dig. 358, § 375.

It is true that the evidence shows that after the complainants had employed counsel to bring this suit, they were advised that in order to maitain it, they must be in actual possession of the lands, and in pursuance to that advice five of the male complainants, and Clint Garrett, who resided in the neighborhood of the tract, went upon it (the tract being unimproved and untenanted) and cleared up about one acre of an old field, built a fence around it out of some old rails found upon the land, plowed it, planted it in corn and peas and abandoned it. The inference to be drawn is that it was done by them in one day. It is shown that this is all they ever did toward taking possession. They did not cultivate the crop after planting it, nor is it shown that they otherwise did any act indicating an intention to retain any control over or possession of the lands. This sole act done by them upon the lands was a short time before the filing of this bill and for the single purpose of bringing this suit. We do not think it shows such possession by them as is required by courts of equity to

entertain bills of this character. *Bona fides* should always characterize the conduct and acts of those who invoke the jurisdiction of a court of conscience for relief.

So then, the case is one where the allegations of the bill are defective and had it been amended so as to cure its defects, the evidence was wholly insufficient to support them. But had the evidence shown that the complainants were in the actual possession of the land when the bill was filed, this would have availed them nothing, as the bill contained no such averment. Proof without allegation is as ineffectual to found relief upon as are allegations without proof.—*Cameron v. Abbott*, 30 Ala. 116; *Copeland v. Kehoe*, 57 Ala. 246; *Rea v. Longstreet*, 54 Ala. 291.

The decree dismissing the bill is affirmed.