# Hereford *v.* Hereford.

*Bill in Equity for the Appointment of a Receiver.*

1. *Appeal; when will not lie from decree denying motion to discharge receiver.*—When a motion to discharge a receiver is made after the expiration of thirty days from the date of the order appointing him, the ruling of the chancellor in his decree denying such motion will not be reviewed on appeal.

2. *Bill for the appointment of a receiver; when can be maintained.* Where it is averred in a bill asking for the appointment of a receiver, that an action of ejectment is pending between the complainant and defendant for a specifically described lot, and that said lot is rented and the defendant is collecting the rents and appropriating them to her own use, and that such defendant is insolvent, and that the complainant is the owner of said lot, the complainant can maintain such bill, for the purpose of having a receiver appointed to take charge of the rents and profits accruing therefrom pending the ejectment suit; and a demurrer upon the ground that the complainant had an adequate remedy at law is properly overruled.

APPEAL from the Chancery Court of Montgomery. Heard before the Hon. WILLIAM L. PARKS.

The bill in this case was filed on September 16, 1901, by the appellee, Harry Hereford, against Lucy Hereford. It was averred in the bill that the complainant was the owner of a certain lot in the city of Montgomery, which was described in the bill as follows: "A part of

21c

[Hereford v. Hereford.]

lot five (5) in square twenty (20) in that part of the city of Montgomery, State of Alabama, laid off on the Scott property, said lot beginning at the northeast corner of the lot formerly owned by Mary Ann Green, and now owned by Dr. Scott, thence running north thirty-five (35) feet, thence seventy-five (75) feet west, thence south thirty-five (35) feet, thence east thirty-five (35) feet to the point of beginning. Said point of beginning being about seventy-eight (78) feet north of the northwest corner of the intersection of Union and Columbus streets in said city of Montgomery; said lot fronts on the west side of Union street and lies between Columbus and Randolph streets, and was formerly occupied by your orator. That orator with his labor and means erected upon said lot a house in which he and the said Lucy resided."

It was further averred in the bill that in the year 1898, the said Lucy Hereford, who was then the complainant's wife, "by continuous persuasion and harassment so overcame the free agency of orator as to induce him to sign a paper writing which purported to be a deed to the property above mentioned;" that in said deed the property attempted to be conveyed was described as follows: "A part of lot five (5) in square twenty (20), laid off on the Scott property in the city of Montgomery, State of Alabama, said lot beginning at the north corner of the lot of Mary Ann Green, thence running north thirty-five (35) feet, thence seventy-five (75) feet west, thence south thirty-five (35) feet, thence east seventy-five (75) feet to the point of beginning; that said Lucy paid to orator no valuable consideration whatever for said paper writing, and that the property described in paragraph three (3) of the bill constituted substantially all of the property of any and all kinds whatsoever owned by your orator, and that orator is now unable to support and maintain himself by his labor, which is the only source of income to him." It was further averred that in February, 1901, the said Lucy Hereford procured a divorce from complainant, and thereafter refused to surrender possession of said house and lot to the com-

[Hereford v. Hereford.]

plainant or allow him to enter or remain therein; that subsequent to these acts on the part of the defendant, the complainant instituted an action of ejectment in the city court of Montgomery against Lucy Hereford to recover possession of the property described in the bill. It was then averred in the bill that the deed obtained from the complainant by Lucy Hereford conveyed no title to the defendant because of the uncertainty and indefinite description of the property; that said action of ejectment is still pending and undetermined; that since the institution of said suit, Lucy Hereford has rented the property and its rental value is ten dollars a month; that said Lucy Hereford is insolvent and unable to respond in damages for the rents and profits of said property, and refuses to deliver possession of said property to complainant, and is collecting the rents therefrom and appropriating the same to her use. The bill also averred in its fourth paragraph that the complainant "received a fall which resulted in serious injury to his physical and mental condition, thereby incapacitating him from pursuing his avocation as a carpenter, to a large extent, and also thereby considerably reducing his income."

The prayer of the bill was for the appointment of "a receiver to collect and hold the rents of said property pending the determination of said ejectment suit in said city court of Montgomery, in accordance with the rules and practice of this honorable court; and upon final hearing, may it please your honor to order, adjudge and decree that your orator is entitled to the rents, incomes and profits of said property, and direct that the same be paid over to him. And your orator prays for such other, further or different relief as to your honor may seem meet and proper in the premises."

In response to the petition of the complainant, the chancellor, on September 18, 1901, appointed a receiver without notice. On October 16, the defendant moved to dismiss the bill for the want of equity. On October 26, the motion to dismiss was overruled. On November 11, 1901, the respondent filed her answer, in which she denied that the deed from the complainant to her was procured by continuous prosecution and harassment,

[Hereford v. Hereford.]

averring that it was executed by the complainant voluntarily and of his own free will and accord. The complainant also denied that said deed was void for uncertainty and further denied her insolvency. The defendant also demurred to the bill upon the following grounds: "1. Complinant has a complete and adequate remedy at law. 2. It states no facts which show that said deed was procured by fraud. duress or undue influence. 3. It states no facts showing that complainant had not sufficient understanding and capacity to execute a deed or enter into a contract."

On December 5, 1901, the defendant moved the court to discharge the receiver, and in the event the receiver was not discharged, that the complainant be required to give additional security, and that the penalty of the bond be increased. On January 22, 1902, the chancellor rendered a decree overruling the motion to discharge the receiver, and the motion to increase the penalty of the bond, and also overruling the demurrers assigned in the bill. The defendant appeals, and assigns as error the decree overruling the demurrer and refusing to discharge the receiver or to incrase the penalty of the bond.

GUNTER & GUNTER, for appellant, cited *Werborn v. Kahn*, 93 Ala. 207; *Hendrix v. Am. F. L. M. Co.*, 95 Ala. 313; *Am. F. L. M. Co. v. Turner*, 95 Ala. 272; *Heard v. Murray*, 93 Ala. 130; *Wadsworth v. Goree*, 96 Ala. 230.

HARMON, DENT & WEIL, *contra*, cited Code, § 429; *Miller v. Lehman*, 87 Ala. 517; *Am. F. L. M. Co. v. Turner*, 95 Ala. 272.

TYSON, J.—It is entirely clear that we cannot, on this appeal, review the rulings of the chancellor in denying the motion to discharge the receiver and in refusing to increase the penalty on his bond. It is true an appeal lies, when taken within thirty days, from the order appointing the receiver.—Code, § 429. But this was not done. After the expiration of the thirty days

from the filing of the order appointing the receiver, the respondent made the motion sought by this appeal to have reviewed. This we have no power to do.—*Miller v. Lehman*, 87 Ala. 517. Nor can we review on this appeal the former interlocutory decree overruling the motion to dismiss the bill for want of equity. So, then, the only matter for consideration is the decree overruling the special grounds of demurrer assigned to the bill.

The manifest purpose of the bill is to preserve through a receivership the rents issuing out of the lot pending the action of ejectment brought by complainant against the respondent, who it is alleged is insolvent, predicated upon the theory that complainant is the owner of it. Whether the allegations of the bill sufficiently show that he is the owner of the lot sought to be recovered in the action of ejectment brought by him, is not, as we will show, raised by any of the grounds of the demurrer. The first of these assign as an objection to the bill that complainant has an adequate remedy at law. Confessedly if the bill was to cancel the deed as a cloud upon complainant's title to the lot or otherwise sought a recovery of it, the ground would be well taken, if the averments of the bill disclosed he had the legal title, or if he had title but was out of possession. But the bill is not in any sense a bill to cancel the deed made by complainant to respondent, nor does it in anywise seek to recover the lot in this suit. Complainant admits by its averments the adequacy of the legal remedy, which is being pursued by him to recover possession of the lot, but this is far from having an adequate remedy to protect himself against the loss of the rents, to which he will be entitled, in the event of recovery in the action of ejectment. While it is true in his action of ejectment, if he recovers the lot, he will also be entitled to recover rents or mesne profits, yet in view of the insolvency of the defendant the law furnishes no adequate protection and remedy to him to prevent the loss in the meantime.—*Mortgage Co. v. Turner*, 95 Ala. 272.

The invalidity of the deed executed by complainant to respondent to the lot in controversy in the action at

[Whitaker v. McKinney *et al.*]

law now pending, is asserted in the bill to be because of the uncertainty and indefiniteness in description of the lot described in it, and not on account of fraud in its execution or incapacity to make it. It is true that it is averred in the fourth paragraph that complainant received a fall which resulted in serious injury to his physical and mental condition, incapacitating him from pursuing his avocation, but it is not averred whether this occurred before or after the deed was executed. But whether before or after, it is not relied upon as a ground for invalidating the deed. So, too, it is averred in the fifth paragraph that respondent by continuous persuasion and harassment, so overcame the free agency of complainant as to induce him to sign the deed. But this averment is not relied upon as avoiding the deed. And it may be conceded, and for that matter it must be, that both of the averments are wholly insufficient. And had the second and third grounds of the demurrer been interposed to these paragraphs instead of to the whole bill, they would, doubtless, have been sustained. But as they go to the whole bill and as the averments are not relied upon to support the equity of the bill, they were properly overruled.

The sufficiency of the averment upon which the equity of the bill rests, not being raised by the demurrer, we must decline to consider it. For the same reason we must decline to enter upon a discussion of the question as to whether the bill shows any right in complainant to maintain the action of ejecment.

Affirmed.