(76 South. 866)

BOWDOIN v. PEOPLE'S BANK OF SAMSON et al. (4 Div. 717.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. APPEAL AND ERROR ⟐101(2)—ORDERS APPEALABLE—REFUSAL TO VACATE RECEIVERSHIP.

In a suit to enjoin the foreclosure of mortgages and for redemption, in which respondent filed a cross-bill on which a receiver was appointed, an order refusing to vacate the appointment of the receiver is not reviewable.

2. APPEAL AND ERROR ⟐736—ASSIGNMENTS OF ERROR BAD IN PART.

Though an order appointing a receiver of mortgaged land and the rents thereof was improper, assignments of error impeaching the order in whole, and not in part, could not be sustained.

Appeal from Chancery Court, Coffee County; J. B. Foster, Chancellor.

Suit by N. B. Bowdoin against the People's Bank of Samson and another. From an order refusing to vacate an order appointing

a receiver on respondents' application, plaintiff appeals. Affirmed.

J. A. Carnley, of Enterprise, for appellant. W. W. Sanders, of Elba, for appellees.

SOMERVILLE, J. The original bill is filed by appellant to enjoin the foreclosure of certain mortgages and seizure of the mortgaged property by the mortgagees, and for redemption.

On respondents' cross-bill and petition a receiver for the mortgaged property was appointed without notice to complainant, and this appeal is from an order refusing to vacate and set aside the order of appointment.

The showing of the cross-bill and petition for receivership brings this case directly within the decision of this court in Ashurst v. Lehman, 86 Ala. 370, 5 South. 731, and on the authority of that case the order appointing the receiver, though without notice, must be affirmed.

[1] The refusal of the trial judge to vacate that order and discharge the receiver is not subject to review by this court. Miller v. Lehman, 87 Ala. 517, 6 South. 361; Hereford v. Hereford, 134 Ala. 321, 32 South. 65.

[2] Even if the propriety of the receivership with respect to the lands and their rents were a matter of doubt, yet, as the assignments of error impeach the order in whole, and not in part, they could not be sustained.

We have carefully considered the record and the arguments of counsel, and think the order and decree of the trial court should be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.