189 So. 884

## McCRAW v. DAVENPORT et al.

### 7 Div. 579.

Supreme Court of .Alabama.

June 8, 1939.

Rehearing Denied June 29, 1939.

Knox, Acker & Sterne and Fred L. Blackmon, all of Anniston, for appellant.

Merrill & Merrill and John D. Bibb, all of Anniston, for appellees.

It does not appear from anything on the face of the bill that it can be amended so as to give it equity.

The decree of the circuit court is therefore reversed and one here rendered sustaining the demurrer and dismissing the bill.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

---

BROWN, Justice.

The manifest purpose and legal effect of the written agreement, made exhibit "A" to the bill supported by a valuable consideration, was to constitute and create the west 18 feet of the north wall of .the Hughes and Christian brick store building a party-wall with all the incidents thereto, to continue as such as long as the building erected by Miller on his lot "stands." McMinn v. Karter, 116 Ala. 390, 22 So. 517; Id., 123 Ala. 502, 26 So. 649; 20 R.C.L. 1093, § 15.

The bill does not allege that the complainants claim and are asserting the legal right to tear down or demolish said wall, but at most allege a desire to do so. To quote the averments of the bill as amended: "That the building upon the lot of your orators has become of little or no value, and your orators have an opportunity to sell their said lot, provided they demolish the building now standing thereon, but that they can not sell their said lot to the person who has afforded them the opportunity to sell, as above set out, or to any other person, except at a much lower price, unless and until their they demolish said building."

These averments fall far short of asserting a legal right to demolish said wall.

One may desire to destroy his neighbor's property because it affects the value of his own, but such desire is not tantamount to asserting a legal right to do so.

Our judgment is that the averments of the bill fall far short of presenting an actual bona fide justiciable controversy between the parties. The demurrer to the bill was well taken and the court erred in overruling it. Jefferson County v. Johnson, 232 Ala. 406, 168 So. 450.