20 So.2d 867

**PERRY et al. v. WARNOCK.**

**7 Div. 797.**

Supreme Court of Alabama.

Feb. 1, 1945.

Rehearing Denied March 1, 1945.

Motley & Motley, of Gadsden, for appellants.

Reed & Reed, of Centre, for appellee.

STAKELY, Justice.

This case presents a procedural question relating to retransfer of a cause under § 155, Title 13, Code of 1940. The litigation originated in an ejectment suit brought by Effie Warnock (appellee) against Minus Perry and others (appellants) for recovery of possession of certain lands situated in Cherokee County, Alabama. Minus Perry filed a motion to transfer the cause to the equity side of the court on the theory that he had a defense not available on the law side of the court. The motion in substance showed that in December, 1920, he executed a mortgage on a part of the lands sued for. In order to secure an extension of time for payment of the debt, he executed a new mortgage in December, 1930, relying upon a representation that the new mortgage contained the same property covered by the original mortgage. Minus Perry was illiterate and unable to read. The new mortgage, however, contained forty acres not covered by the original mortgage. The last mortgage was foreclosed. At the foreclosure sale one C. N. Thompson became the purchaser, who in turn transferred his interest to the plaintiff.

The plaintiff demurred to the motion and without waiving the demurrer controverted the facts set forth in the motion. The denial was supported by affidavit. The court overruled the demurrer and transferred the cause to the equity side of the court.

Thereupon the defendants filed a bill of complaint on the equity side of the court, setting up in substance the situation set forth in the motion and praying for reformation of the new mortgage. The original plaintiff, now respondent on the equity side of the court, filed an answer with demurrer incorporated therein. The answer denied all allegations of fraud.

Thereafter the respondent filed a motion to retransfer the cause to the law side of the docket, alleging in substance that the plaintiffs in the action in equity have failed to establish or maintain their alleged equitable defense and that the cause cannot be finally disposed of on the equity side of the docket. The court thereafter entered the following decree: "This cause being submitted to the court on the petition or motion of Effie Warnock to re-transfer this cause from the equity side to the law side of the docket of this court, and it appears from such petition or motion that this cause was heretofore transferred from the law side of the docket to the equity side thereon, on an alleged equitable defense, that the defendants to the case at law filed their bill herein as plaintiffs, and that such plaintiffs had failed to establish or maintain their alleged defense, and notice of this motion or petition having been given to the attorneys for the plaintiffs in this cause on the equity side of this docket. It is upon consideration of said motion or petition, ordered, adjudged and decreed by the court that this cause, be and the same is hereby re-transferred to the law side of the docket to be there docketed and disposed of on such docket. It is further ordered that the plaintiffs in this cause in equity be and they are hereby taxed with the cost of this proceeding in equity, for which execution may issue."

After the cause was retransferred to the law side of the court, trial resulted in a verdict for the plaintiff. Thereupon defendants made a motion for a new trial on the ground, among others, that attorneys for the defendants were not notified of the setting of the trial.

§ 155, Title 13, Code of 1940 provides that "whenever any cause on the motion or application of any party thereto is transferred as provided by this article, and the party moving for such transfer fails to establish or maintain the question, right or defense asserted by him and the cause cannot then be finally disposed of on the side of the court to which the same was transferred, the judge hearing the cause shall so state in his judgment or decree, but shall not dismiss the cause and shall direct in such judgment or decree that the cause be retransferred to the side of the court on which the same was originally filed * *."

It is contended that the decree of the court retransferring the cause to the law side of the court cannot stand and is in error, because of the failure of the judge to state in the decree that the cause cannot be

disposed of on the equity side of the court. The purpose of the statute was evidently to prevent a useless retransfer of the cause. "The theory of present day appellate review is not to reverse a judgment, decree, or ruling which is not prejudicial to appellant, even though it may not be strictly pursuant to law. Supreme Court Rule 45." State v. Mobile & O. R. Co., 228 Ala. 533, 154 So. 91, 95. If error, it is not prejudicial ·error because it affirmatively appears on the face of the record that the cause cannot be finally disposed of on the equity side of the court, assuming, as shown by the decree, that the alleged independent equity has not been established or maintained. Smith v. Grayson, 214 Ala. 197, 107 So. 448.

■ Our recent decision in Randolph v. Randolph, 245 Ala. 689, 18 So.2d 555, is not contrary to this holding. There the cause was transferred to the equity court by agreement. Here the transfer to the equity court has been consistently contested. There, there was a basis for equitable jurisdiction because cancellation of a deed was sought as a cloud on the title by one in possession of the real estate. Here only the legal title is involved and possession sought by an action in ejectment by one out of possession. Ejectment is the only method of procedure. Equity will not take jurisdiction as a substitute for an action of ejectment. "There is no want of power in a court of equity to determine title to lands. It must decline jurisdiction where the remedy at law is complete and adequate, or where its jurisdiction is invoked as a substitute for an action of ejectment." Gulf Red Cedar Lumber Co. et al. v. Crenshaw et al., 148 Ala. 343, 351, 42 So. 564, 567. See also Preuit v. Wallace, 238 Ala. 162, 189 So. 887; 19 Am.Jur. p. 140; 18 Am.Jur. p. 8; 30 C.J.S., Equity, § 30, p. 356.

■ So far as the motion to retransfer the cause to the law side of the court and the motion to set aside the judgment recovered in the law court are concerned, we have nothing but the record before us. Questions of an evidentiary nature relating to these motions will, therefore, not be considered. The judgment of the lower court is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.