25 So.2d 158

### GARRETT et al. v. BREWTON et al.

### 7 Div. 847.

Supreme Court of Alabama.
March 7, 1946.

Motley & Motley, of Gadsden, for appellants.

492

Roy D. McCord, of Gadsden, for appellees.

GARDNER, Chief Justice.

 The appeal is from a decree overruling a demurrer to the bill of complaint. It was averred in the bill that complainants are the "sole and absolute owners" of the real estate described therein, and that the respondents are in the possession of said property. Complainants, therefore, are in the position of one relying on a legal title who seeks to recover possession of land adversely held. The remedy at law is adequate, and the case does not present one for the jurisdiction of a court of equity. 21 C.J. p. 62. See also 30 C.J.S., Equity, § 29.

"A court of equity will not entertain a bill to remove a cloud from the title to land in favor of a person asserting the legal title, when he is not in possession, unless he shows some special equity, which would prevent or embarrass the assertion of his rights at law." Belcher v. Scruggs, 125 Ala. 336, 27 So. 839 (first headnote).

To like effect is Wilkinson v. Wilkinson, 129 Ala. 279, 30 So. 578. See also 21 C.J. p. 65. See also 30 C.J.S., Equity, § 30. And among the more recent authorities are Preuit v. Wallace, 238 Ala. 162, 189 So. 887, and Perry v. Warnock, 246 Ala. 470, 20 So.2d 867, 868. In the latter cause, speaking to the question here in hand, the Court observed: "Equity will not take jurisdiction as a substitute for an action of ejectment."

True, in an action of ejectment plaintiff would be entitled to recover damages for the detention of the rents and profits which the defendants have collected. The bill contains averments indicating, though not expressly so stating, that the defendants are insolvent. Conceding for the purpose of this case that the bill may be reasonably so construed, this does not suffice to give the bill equity. In Preuit v. Wallace, supra, it was pointed out that in ejectment suits, complainants disclosing a probability of success in the suit and defendant being insolvent and collecting rents, a receiver may be appointed; citing Hereford v. Hereford, 134 Ala. 321, 32 So. 651.

But a bill of this character is one to preserve through a receivership the rents pending the action of ejectment, so that the complainant would not lose the fruits of his victory should he succeed in establishing his ownership of the property.

The bill in the instant case, therefore, would not have equity upon the theory of the appointment of a receiver, as there is pending no ejectment suit. Such an appointment would merely be in aid of a pending suit. The bill is without equity.

There is nothing on the face of the bill indicating that it can be amended so as to give it equity, but rather the contrary. McCraw v. Davenport, 238 Ala. 245, 189 So. 884. The decree will therefore be reversed and one here rendered sustaining the demurrer and dismissing the bill.

Reversed and rendered.

BROWN, LIVINGSTON, and SIMPSON, JJ., concur.