43 So.2d 533

**THOMPSON v. PAGE.**

**5 Div. 476.**

Supreme Court of Alabama.

Dec. 22, 1949.

J. B. Atkinson, of Clanton, for appellant.

172

Grady Reynolds and Reynolds & Reynolds, of Clanton, for appellee.

BROWN, Justice.

This litigation originated in a statutory action in the nature of the action of ejectment authorized by §§ 937, 938, Title 7, Code of 1940, brought by appellant against appellee on January 30, 1947, to recover possession of a strip of land 14 feet by 6 inches in width and 220 feet in length, lying between the east line of the right-of-way of the Louisville & Nashville Railroad and 7th Street in the City of Clanton, which is more specifically described in the complaint in the action.

· The defendant filed motion as authorized by § 152, Title 13, Code of 1940, to transfer the case to the equity docket verified on the 3rd of February, 1948, but the date of filing in the clerk's office does not appear. The plaintiff filed demurrer to the motion June 4, 1948. On the 13th day of January the circuit court entered a decretal order granting the motion and transferring the cease to the equity docket. The appellee thereupon filed the bill on the 3rd of February, 1949, to which appellant demurred on sundry grounds, among others that the bill is without equity; that the complainant has a complete and adequate remedy at law. The bill after alleging the filing and pending of the ejectment suit and setting forth the specific description of the strip of land in controversy further alleged:

"That complainant was on, to-wit, January 30, 1947, and was at all time subsequent thereto, and is now in peaceable possession of the parcel of land hereinabove described, claiming to own the same in his own right and your complainant was at the time of the filing of said suit, and is now, in sole possession of said parcel of land and is the owner of the same.

"That on, to-wit, July 6, 1944, your complainant was the owner of, and was in peaceable possession of, a parcel of land in the City of Clanton, Alabama, described as follows, to-wit:

"Commencing at a point where the North line of Fourth Avenue North intersects the West line of Seventh Street North, as said avenue and street is shown by the map or plat of the City of Clanton, Alabama, on record in the Office of the Judge of Probate, Chilton County, Alabama, and from said point run North along the West side of Seventh Street a distance of 50 feet; thence run in a Westerly direction and parallel with Fourth Avenue to the East line of the right-of-way of the Louisville & Nashville Railroad; thence South along the right-of-way of said Louisville & Nashville Railroad to the North line of said Fourth Avenue; thence run along the North line of said Fourth Avenue to the point of beginning.

"That the above described parcel of land includes the parcel of land for which the defendant in this cause filed suit in ejectment against the complainant in the Circuit Court of Chilton County, Alabama, on to-wit, January 30, 1947.

"That the complainant's title to the parcel of land hereinabove described, or some part thereof, is denied or disputed, and the defendant in this cause is reputed to own the same, or some part thereof, or some interest therein, or to hold some lien or encumbrance thereon; and no suit is pending to enforce or test the validity of such title, claim or encumbrances."

The bill in the prayer calls on the defendant in this bill (the plaintiff in the ejectment suit) to "set forth and specify his title, claim, interest in or encumbrance upon the lands described in the bill of complaint in this cause and any part of the same, and how and by what instrument the same is derived and created" and further prays that "upon a final hearing hereof, that it be decreed by this honorable Court that the defendant has no right to, title to, interest in or encumbrance upon any part of the lands described in the bill of complaint" and the title be adjudged to be in the complainant.

It is patent on the face of the bill that the complainant seeks to substitute a statutory bill to quiet title for the pending action of ejectment, which is not permissible, if for no other reason than that the complainant cannot truthfully make the necessary allegation that no suit is pending in which complainant's title to the property in controversy may be tested. The bill is without equity. Perry v. Warnock, 246 Ala. 470, 20 So.2d 867; Preuit v. Wallace et al., 238 Ala. 162, 189 So. 887; Ex parte Griffin, 243 Ala. 672, 11 So.2d 738; Holder v. Taylor, 233 Ala. 477, 172 So. 761.

The decree of the circuit court is reversed and one here rendered sustaining the demurrer and remanding the cause.

Reversed, rendered and remanded.

FOSTER, LAWSON and STAKELY, JJ., concur.