49 So.2d 910

## THOMPSON v. PAGE.

### 5 Div. 496.

Supreme Court of Alabama.

Jan. 11, 1951.

J. B. Atkinson, of Clanton, for appellant.

Grady Reynolds and Reynolds & Reynolds, of Clanton, for appellee.

STAKELY, Justice.

This suit originated in the filing of a suit in ejectment by Hugh F. Thompson (appellant) against John C. Page (appellee) for the recovery of a strip of land situated

in the City of Clanton, Chilton County, Alabama. John C. Page filed a motion to remove the cause to equity, setting up equitable defenses to the suit in ejectment. An order of removal was made and thereupon John C. Page filed his bill of complaint in the equity court. Demurrers to the complaint were overruled and from that decree Hugh F. Thompson appealed. The opinion of this court on that appeal appears in the case of Thompson v. Page, 253 Ala. 171, 43 So.2d 533. This court held in effect that the bill was subject to demurrer on the ground, among others, that the bill was an effort to substitute a statutory bill to quiet title for an ejectment suit. Upon the cause being remanded John C. Page amended his bill of complaint and the court overruled demurrers thereto. The present appeal is from this latter decree.

We shall not undertake to set out all the facts alleged in the bill of complaint which is now before us. The following is a statement of the allegations of the amended bill which we deem sufficient for an understanding of the case. In 1919 J. A. Maddox was the owner of the property lying north of the Lillie Stewart Land Line as shown by the map which appears in the report of the case. In 1919 the Farmers Warehouse & Storage Company was the owner of the property lying south of the Lillie Stewart Land Line. In 1919 J. A. Maddox acquired from the Farmers Warehouse & Storage Company the property lying south of the Lillie Stewart Land Line with the warehouse thereon. Thus J. A. Maddox became the owner of both pieces of the property in question. The Farmers Warehouse & Storage Company's property fronted on the right-of-way of the Louisville & Nashville Railroad Company, a distance of 97 feet north and south. This lot was 200 feet in length east and west along the north side of 4th Avenue. At the time J. A. Maddox purchased this property there was thereon a cotton warehouse extending east and west along the north side of 4th Avenue. This warehouse is averred to have been 50 feet in width and 100 feet or more in length, extending from the railroad right-of-way in an easterly direction. Upon the purchase of the warehouse property by J. A. Maddox in 1919 he extended the warehouse the same width of 50 feet easterly along 4th Avenue the entire length of the lot to 7th Street. By thus extending the warehouse a triangular parcel of land, a part of the Thompson Gin Property, was covered by the northeastern portion of the warehouse. This triangular parcel of land was bounded on the south by the Lillie Stewart Land Line, on the east by 7th Street and on the north by the northern boundary of the warehouse. This triangular parcel of land is designated "A" on the map.

While the property was in the condition as described and both parcels were owned by J. A. Maddox, the Southern Cotton Oil Company, about 1930, acquired by conveyance from J. A. Maddox title to the property lying north of the Lillie Stewart Land Line. In 1932 John C. Page (appellee) acquired the warehouse property and this conveyance made the Lillie Stewart Land Line the northern boundary of the property conveyed to him, although his warehouse extended on to the gin property and occupied the triangular parcel of land designated "A", as explained above. This was the situation on August 1, 1934 and on that date John C. Page held the title to the property south of the Lillie Stewart Land Line and was in possession of all the warehouse property, including the triangular parcel hereinabove referred to on the gin property. The Southern Cotton Oil Company held the title to all the lot north of the Lillie Stewart Land Line but was not in possession of any of the lot occupied by the warehouse.

On August 1, 1934 the Southern Cotton Oil Company was selling the appellant and his associates the gin property north of the Lillie Stewart Land Line and in a three-way transaction between the appellant, the appellee and the Southern Cotton Oil Company the following took place. The appellee and his wife conveyed to the appellant and his associates the triangular parcel of land designated "B" on the map, this property on that date being owned by the appellee. The Southern Cotton Oil Company conveyed to the appellee the parcel of land covered by the warehouse including the

small triangular parcel designated "A" on the map. The Southern Cotton Oil Company then conveyed to the appellant and his associates the gin property lying north of the Lillie Stewart Land Line except the triangular portion designated "A" on the map. It is averred in the bill of complaint that it was the intention of the parties involved in this three-way transaction to settle the boundary between the two parcels of land and it was for this purpose that the conveyances were so executed. It may be here explained that the appellant subsequent to August 1, 1934 acquired the interest of his associates in the gin property and that the warehouse was destroyed by fire about 1940 and the gin property was destroyed by fire some three years later.

On June 6, 1944 John C. Page purchased from Hugh F. Thompson a lot fronting on 7th Street lying adjacent to and on the north side of his warehouse property for the sum of $3,000. According to the bill of complaint John C. Page then owned the warehouse property fronting 50 feet on 7th Street and extending back to the railroad right-of-way on the west and along the north boundry line of 4th Avenue and in addition thereto acquired from Hugh F. Thompson an additional 30 feet lying north and adjacent to his warehouse property. According to the bill of complaint Hugh F. Thompson sold another lot to one Sam Smitherman lying north of and adjacent to the 80 foot lot then owned by John C. Page.

Shortly after the purchase of the 30 foot lot from Hugh F. Thompson on July 6, 1944, John C. Page commenced to get together material and supplies for the erection of a large building on the lot 80 feet in width, which he then claimed to own. According to the bill of complaint in 1945 John C. Page commenced the erection of such building and in 1946 the building was ready for occupancy. Hugh F. Thompson saw the building being erected on the land, stood by and permitted John C. Page to proceed with the construction thereof and with his full knowledge, consent and acquiescence stood by and saw John C. Page spend $12,000, or more in the erection of the building and made no

255 Ala.—3

objection whatever. The original suit in ejectment is for a strip of land fronting 14½ feet on 7th Street North in the City of Clanton and running back west of even width 220 feet, more or less, to the right-of-way of the L. & N. R. R. Co. This strip of land runs through the warehouse erected by John C. Page and the suit, if successful, would give to Hugh F. Thompson the triangular parcel of land designated on the map as "A".

█ Appellant takes the position that the appellee could have stood on his title and defended the action of ejectment which was originally instituted. In other words, he takes the position that equity must deline to take jurisdiction to determine title to land where the remedy at law is complete and adequate. We have so held. Perry et al. v. Warnock, 246 Ala. 470, 20 So.2d 867. But is the remedy at law complete and adequate in the present case? The appellee concedes that he can defend his title in the ejectment action, but not on all the theories which would be available if the case is tried in equity.

We consider the view taken by the appellee as the one which should be sustained. If the defendant has equitable defenses not available in the law court, the case can be tried in equity even if there are defenses which could be set up in the law court. This is true because in equity the defendant can obtain the benefit of all his defenses both legal and equitable. Michie v. Bradshaw, 227 Ala. 302, 149 So. 809; Cadick Milling Co. v. Dothan Bank & Trust Co., 242 Ala. 132, 5 So.2d 101.

██ It is settled that in suits in ejectment the legal title prevails. The only appropriate plea is the general issue. So an equitable estoppel cannot be set up as a defense in ejectment. Dinkins v. Latham, 154 Ala. 90, 45 So. 60; Earnest v. Fite, 211 Ala. 363, 100 So. 637; Hodges v. Hodges, 172 Ala. 11, 54 So. 618; Blair v. Blair, 199 Ala. 480, 74 So. 947. But an equitable estoppel can be set up as a defense in a court of equity. Earnest v. Fite, supra; Doe ex dem. McPherson v. Walters, 16 Ala. 714, 50 Am.Dec. 200.

On August 1, 1934 in a three way trade, as set forth, Hugh F. Thompson accepted a deed from John C. Page to the triangular parcel designated "B" and in which John C. Page got a deed from the Southern Cotton Oil Company to the triangular parcel of land designated "A". Thereafter Hugh F. Thompson conveyed to John C. Page a part of the triangular lot designated as "B" and received from him $3,000 for the parcel mentioned as fronting 30 feet on 7th Street on the east and extending along the north side of the warehouse property and shortly thereafter conveyed the remaining portion of the land designated as "B" on the map to Sam Smitherman. From these two sales he received $5,500 in cash. Appellant cannot acquiesce in and enjoy the benefits of the foregoing transactions and at the same time reject the accompanying burdens. For example a person cannot claim under an instrument without confirming it. He must found his claim on the whole transaction and cannot adopt that feature of the operation which makes in his favor and at the same time repudiate or counteract any feature which is contrary or adverse to it. 19 Am.Jur. 619; Durr et al. v. Wilson et al., 116 Ala. 125, 22 So. 536.

It is alleged in effect that in 1945 and 1946 Hugh F. Thompson stood by and saw John C. Page erect valuable improvements on the lot sued for and by silence acquiesced in the making of valuable improvements on the lot by John C. Page, knowing all the time that John C. Page was acting under the assumption that he himself had title and that appellant had no interest in the parcel of land sued for. If true, this situation works an estoppel against Hugh F. Thompson. Alabama Great Southern R. R. Co. v. South & North Ala. R. R. Co., 84 Ala. 570, 3 So. 286; South & N. Ala. R. R. Co. v. Alabama G. S. R. R. Co., 147 Ala. 702, 41 So. 307; Hendrix v. Southern Railway Co., 130 Ala. 205, 30 So. 596, 89 Am.St.Rep. 27; Ivy v. Hood, 202 Ala. 121, 79 So. 587; Earnest v. Fite, supra. "Every additional brick added to the structure was an argument against the defendant's silence [and each stroke of the carpenter's hammer] a voice commanding him to speak." Forney v. Calhoun County, 86 Ala. 463, 5 So. 750, 752.

Upon a careful consideration of the matter we think the court acted correctly in overruling the demurrer to the bill as amended.

Affirmed.

BROWN, FOSTER and LAWSON, JJ., concur.