83 So.2d 309

**Daniel McCARY**

**v.**

**Blossom CRUMPTON.**

**5 Div. 629.**

Supreme Court of Alabama.

Nov. 10, 1955.

Glen T. Bashore, Clanton, for appellant.

Omar L. Reynolds and Reynolds & Reynolds, Clanton, for appellee.

STAKELY, Justice.

Daniel McCary (appellant) brought an action against Blossom Crumpton (appellee) in the nature of an action in ejectment to recover certain described real estate lying in Chilton County, Alabama. Subsequently Blossom Crumpton made a motion asking the court to transfer the cause to the equity side of the docket. The motion was granted and thereupon Blossom Crumpton filed her original bill of complaint on the equity side of the docket. Daniel McCary demurred to the original bill of complaint.

The demurrer was overruled by decree of the court entered May 27, 1954. Daniel McCary thereupon filed an answer to the original bill of complaint. It is shown by stipulation of counsel that some testimony was taken on the issues made by the original bill and the answer. On August 21, 1954, after such answer was filed and after such testimony was taken, the complainant filed an amendment to her bill of complaint. There was a demurrer by Daniel McCary to the bill of complaint as amended and to certain aspects thereof to which we shall later refer. The court overruled the demurrer. The appeal here is from this last mentioned decree overruling the demurrer to the bill of complaint as amended.

The allegations of the original bill, in addition to showing the names, ages and resi-

dences of the parties, the institution of the ejectment suit and the removal of the cause from the law side of the docket to the equity side of the docket, may be summarized as follows. Moses McCary, now deceased, made three promissory notes to Alabama Mineral Land Company for $80 each payable, respectively, on November 15, 1915, November 15, 1916 and November 15, 1917. Moses McCary died intestate in 1930 and Daniel McCary is his sole heir. The aforesaid notes were secured by a mortgage on the lands involved in this suit made by Moses McCary to Alabama Mineral Land Company on July 24, 1914. On February 2, 1918, the aforesaid mortgage and the indebtedness secured thereby was transferred and assigned by Alabama Mineral Land Company to T. U. Crumpton and Company, for a valuable consideration.

Copies of the aforesaid notes and mortgage are attached to the original bill of complaint marked exhibits thereto and made a part thereof.

The bill further alleges that the indebtedness evidenced by the aforesaid notes and secured by the aforesaid mortgage has not been paid and is still due and owing and that payment thereof was in default at the time of the filing of the suit, that during the year 1926 T. U. Crumpton Company, a corporation, was dissolved and shortly after the dissolution thereof the notes and mortgage which have been described were transferred and assigned in the course of liquidation of the affairs of such corporation to the complainant, Blossom Crumpton, who was a stockholder in the corporation, and that she is now the owner of the mortgage and the indebtedness evidenced by the notes.

It is further alleged that Blossom Crumpton is in possession of the lands and for more than twenty years prior to the filing of the suit at law in this cause, has been in the actual, adverse possession of the lands and has held the same continuously and uninterruptedly, openly and exclusively claiming to own the same as her own.

It is further alleged "by way of alternative" that if Blossom Crumpton does not have a lien on said land by virtue of the notes and mortgage she then claims title to the land by virtue of the fact that for more than twenty years she has held the actual, adverse, continuous and uninterrupted open and exclusive possession of the lands, claiming to own the same and that she has assessed and paid the taxes thereon as her own. The prayer of the original bill is that the court will make and enter a decree ascertaining and determining the amount of indebtedness due by and under the notes and will declare a lien upon the land to secure such indebtedness and will order and direct a sale of the lands for the satisfaction of the debt. The prayer is also for such other, further, different and general relief as in equity and good conscience the complainant may be entitled to.

The allegations of the amendment to the original bill show in substance that complainant is the owner and in peaceable possession of the lands involved in the litigation and that Daniel McCary claims or is reputed to claim some right, title, interest or incumbrance in and upon the land and further that no suit "is pending to enforce or test the validity of the complainant's title, claim or incumbrance upon the land." The bill as amended further alleges that the respondent be required to specify such title, claim or interest or incumbrance upon the land as he may have and prays that the court will decree that the complainant has title to the lands and the respondent no right, title or interest therein.

It appears to be the position of the appellee that this court should dismiss the appeal ex mero motu on the theory that this court has no jurisdiction of the appeal. It is argued that when the demurrer to the original bill was overruled and no appeal from such ruling was taken as provided by § 755, Title 7, Code of 1940, but on the contrary the respondent answered the bill and testimony was taken in the cause and the complainant then filed an amendment to the original bill to which demurrer was overruled, that the respondent should have no right of appeal from the decree overruling the demurrer to the bill as amended on the theory that the amendment added no new parties, no new issue or no new theory

of recovery in the controversy. We cannot agree with this position.

■ Section 755, Title 7, Code of 1940, provides for an appeal from any decree sustaining or overruling demurrer to a bill in equity to be taken within 30 days after the rendition thereof. It has been held that the word "bill" in the statute is used in a generic sense and includes an amended bill. Shields v. Hightower, 216 Ala. 224, 112 So. 834.

[2] It is clear to us that the appellant had the right to take the appeal which is now before us and that we do have jurisdiction of the appeal and, accordingly, we will not dismiss the appeal.

■ In order to reach a proper conclusion in this case it would be well to analyze the bill as to its various aspects and the demurrers directed, respectively, thereto. We should also keep in mind that on appeal from a decree overruling a demurrer to a bill in equity the appellant cannot assign as error an interlocutory decree rendered over thirty days before the appeal was taken. Lampkin v. Strawbridge, 243 Ala. 558, 11 So.2d 130; Gibson v. Edwards, 245 Ala. 334, 16 So.2d 865. This means that on this appeal we will not consider the decree of the court overruling the demurrer to the original bill.

■ The bill as amended has three aspects. In the first aspect of the bill the complainant seeks to establish and enforce a lien on the property in order to procure payment of the indebtedness evidenced by the notes of $80 each which matured, respectively, on November 15, 1915, November 15, 1916, November 15, 1917. These notes were secured by a mortgage, as alleged in the bill. There is no doubt that equity has jurisdiction to establish liens on real estate and to foreclose mortgages on real estate. Alabama Butane Gas Co. v. Tarrant Land Co., 244 Ala. 638, 15 So.2d 105; Taylor v. Shaw, 256 Ala. 467, 55 So.2d 502. The demurrer to this aspect of the bill seeks to raise the question of laches in that it appears from the face of the bill as last amended that more than twenty years has elapsed since the law day of the notes described in the bill and before the date of the filing of the bill.

■■ We do not think, however, that we need deal with the question of laches. The bill shows that the mortgagee or lienee has been in the actual, adverse, continuous, uninterrupted, open and exclusive possession of the lands claiming to own the same as her own for more than twenty years prior to the filing of the suit and assessing and paying taxes on the lands each year. In view of this allegation of possession by Blossom Crumpton we do not see why this defense does not constitute a defense to the action brought by Daniel McCary in the law court. This court has held that where after the law day of the mortgage the mortgagee has been in possession of the premises for ten years without any accounting for rent or other recognition of the equity of redemption remaining in the mortgagor or his privies, the right of redemption is barred. In the present case the adverse possession of Blossom Crumpton has been for more than twenty years and whether she seeks to establish her rights as mortgagee or lienee, does not appear to us to make any substantial difference. What we mean to say is that the rights of Blossom Crumpton here alleged show that she has a full and adequate defense in the law court. Coyle v. Wilkins, 57 Ala. 108; Dixon v. Hayes, 171 Ala. 498, 55 So. 164; Woods v. Sanders, 247 Ala. 492, 25 So.2d 141; Garrett v. Brewton, 247 Ala. 490, 25 So.2d 158; Killian v. Everett, 262 Ala. 434, 79 So.2d 17.

■ The second aspect of the bill as amended relies on the title acquired through the actual, adverse possession of Blossom Crumpton for more than twenty years to which we have referred. It is obvious that if she has an adequate remedy at law to present the defense set up by the first aspect of the bill, she certainly has an adequate remedy at law sought to be set up by the second aspect of the bill.

■ A third aspect of the bill is sought to be created by adding to the bill as last amended paragraphs which contain allega-

tions which constitute a statutory bill to quiet title. As we have pointed out Blossom Crumpton is in possession of the property. Daniel McCary sued her for possession of the lands in an ejectment suit on the law side of the court. Blossom Crumpton has no right to substitute a statutory bill to quiet title for the pending action of ejectment because she can show her title, which is the legal title, as a defense to the action of ejectment. Perry v. Warnock, 246 Ala. 470, 20 So.2d 867; Thompson v. Page, 255 Ala. 29, 49 So.2d 910.

 Besides the amended bill alleges that "no suit is pending to enforce or test the validity of such title, claim or encumbrance." When this allegation is .considered in the light of the entire record, it appears that there was a suit pending in which the title to the property is involved when the case was transferred to the equity side of the docket. The suit pending was the ejectment suit. The demurrer that in this so-called aspect of the bill the complainant had an adequate remedy at law is good. Floyd v. Andress, 246 Ala. 301, 20 So.2d 331; Owen v. Montgomery, 230 Ala. 574, 161 So. 816.

As stated at the outset the court overruled the demurrer without ruling on the demurrer as to the separate aspects of the bill. Under our decisions the effect of such a ruling is that it is a ruling only on the demurrer to the bill as a whole and the decree is due to be affirmed on appeal if any aspect is good. As we have shown no aspect of the bill is good and the demurrer should have been sustained to the bill and to each aspect of the bill. Rowe v. Rowe, 256 Ala. 491, 55 So.2d 749; Adams v. Woods, ante, p. 381, 82 So.2d 531.

The cause should be retransferred to the law side of the docket. Section 155, Title 13, Code of 1940; Perry v. Warnock, supra.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.